[No. H036383. Sixth Dist. Aug. 23, 2011.]

THE PEOPLE, Plaintiff and Respondent, v.
ESEQUIEL BARAJAS, Defendant and Appellant.

## COUNSEL

Ozro William Childs, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan and Rene A. Chacon, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

### LUCERO, J.*—

#### 1. INTRODUCTION

Defendant Esequiel Barajas was identified as one of two men who attacked and seriously cut a third man with beer bottles on a San Jose street during the evening of March 9, 2010. Pursuant to a plea agreement, on November 9, 2010, defendant pleaded no contest to a charge of assault with a deadly weapon and admitted that he personally used a beer bottle as a dangerous and deadly weapon and he personally inflicted great bodily injury on the victim. (Pen. Code, §§ 245, subd. (a)(1), 667, 1192.7, 12022.7.) He also admitted violating probation in another case.[1] Pursuant to the agreement, he was released from custody on November 9 with credit for time served, and, at sentencing on December 9, 2010, imposition of sentence was suspended and defendant was placed on probation for three years subject to a number of conditions.

On appeal defendant challenges two of those probation conditions as unconstitutionally vague and overbroad, both prohibiting his presence in different areas, one "in any specific location which you know to be or which the probation officer informs you to be an area of criminal street gang-related activity" and the other "adjacent to any school campus." For the reasons

---

*Judge of the Santa Clara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[1] In an unpublished appeal in that case, this court rejected a challenge to one probation condition and modified another condition. (*People v. Barajas* (Sept. 10, 2010, H034742) [nonpub. opn.].)

stated below, we will affirm the judgment after modifying the latter condition as proposed by the Attorney General.

## 2. THE SENTENCING HEARING

Defendant waived a referral for a formal probation report. The written probation report recommended imposing five different gang probation conditions, numbered 13 through 17.

At sentencing, after the court imposed the first gang condition,[2] defense counsel objected to the imposition of any gang conditions as being unrelated to the instant charges. Noting that defendant was with validated gang members when he was arrested and that defendant was subject to gang conditions in his prior case, the court overruled the objection and proceeded to impose the following conditions.[3]

"[14] You're not to associate with any person you know to be or the probation officer informs you is a member of a criminal street gang.

"[15] You're not to visit or remain in any specific location which you know to be or which the probation officer informs you to be an area of criminal street gang-related activity.

"[16] You're not to be adjacent to any school campus during school hours unless you're enrolled in or with prior permission of the school administrator or probation officer.

"[17] You're not to be present at any court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present or that proceedings concern a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, or you are

---

[2] "You're not to possess or wear or display [any] clothing or insignia, tattoo, emblem, button, cap, scarf, bandana, jacket, other articles of clothing that you know or the probation [officer] informs you is evidence of or affiliation with or membership in a criminal street gang."

[3] For ease of reference we will number these conditions as they were numbered in the probation report, though the trial court did not recite the numbers. The trial judge otherwise recited challenged conditions Nos. 15 and 16 essentially as written in the probation report. The conditions are not spelled out in a subsequent minute order. The opening brief quotes the probation report, but our analysis will focus on the court's oral statement of the conditions. (*People v. Smith* (1983) 33 Cal.3d 596, 599 [189 Cal.Rptr. 862, 659 P.2d 1152]; *People v. Harrison* (2005) 35 Cal.4th 208, 226 [25 Cal.Rptr.3d 224, 106 P.3d 895]; *People v. Gabriel* (2010) 189 Cal.App.4th 1070, 1073 [117 Cal.Rptr.3d 513].) The small differences are not material to the issues on appeal.

subpoenaed as a witness, or you have prior permission of the probation officers."

"All of these orders are directed and supervised by the probation officer." "Gang" was defined to mean a criminal street gang as described in Penal Code section 186.22.

### 3. SCOPE OF REVIEW

An appellate court generally will not find that a trial court has abused its broad discretion to impose probation conditions so long as a challenged condition relates either generally to criminal conduct or future criminality or specifically to the probationer's crime. (*People v. Lent* (1975) 15 Cal.3d 481, 486 [124 Cal.Rptr. 905, 541 P.2d 545]; *People v. Olguin* (2008) 45 Cal.4th 375, 379–380 [87 Cal.Rptr.3d 199, 198 P.3d 1].) A Court of Appeal will review the reasonableness of a probation condition only if the probationer has questioned it in the trial court. (*People v. Welch* (1993) 5 Cal.4th 228, 237 [19 Cal.Rptr.2d 520, 851 P.2d 802]; see *In re Sheena K.* (2007) 40 Cal.4th 875, 882 [55 Cal.Rptr.3d 716, 153 P.3d 282] (*Sheena K.*).)

A Court of Appeal may also review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record. (*Sheena K., supra*, 40 Cal.4th at pp. 888–889.)

▆ "Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citation.] Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." (*United States v. Knights* (2001) 534 U.S. 112, 119 [151 L.Ed.2d 497, 122 S.Ct. 587].) Nevertheless, probationers are not divested of all constitutional rights. "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness. [Citation.] A probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra*, 40 Cal.4th at p. 890.)

#### 4. THE GANG ACTIVITY CONDITION

On appeal defendant challenges condition No. 15—"You're not to visit or remain in any specific location which you know to be or which the probation officer informs you to be an area of criminal street gang-related activity"—as "impermissibly vague and constitutionally overbroad." He asserts that both challenged conditions infringe on his right to travel.

In analyzing challenges to an injunction restricting criminal street gang activity, the California Supreme Court spelled out the differences between these constitutional doctrines in *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090 [60 Cal.Rptr.2d 277, 929 P.2d 596] (*Acuna*).

■ "Although, as we pointed out in *Tobe* v. *City of Santa Ana* (1995) 9 Cal.4th 1069, 1109 [40 Cal.Rptr.2d 402, 892 P.2d 1145], '[t]he concepts of vagueness and overbreadth are related,' there are important differences. 'A clear and precise enactment may nevertheless be "overbroad" if in its reach it prohibits constitutionally protected conduct.' (*Grayned* v. *City of Rockford* (1972) 408 U.S. 104, 114 [33 L.Ed.2d 222, 92 S.Ct. 2294], fn. omitted.)

"Unlike the doctrine of overbreadth, which focuses on the impact of a statute on the conduct of persons not before the court, the claim that a law is unconstitutionally vague is not dependent on the interests of absent third parties.[4] Instead, the underlying concern is the core due process requirement of adequate *notice*. 'No one may be required at peril of life, liberty or

---

[4] As *Acuna* indicates, the federal doctrine of overbreadth is a relaxation of the rule that a party to whom a statute constitutionally applies cannot assert the potential unconstitutional impact of that statute on the rights of third parties. The United States Supreme Court has "provided this expansive remedy out of concern that the threat of enforcement of an overbroad law may deter or 'chill' constitutionally protected speech—especially when the overbroad statute imposes criminal sanctions." (*Virginia v. Hicks* (2003) 539 U.S. 113, 119 [156 L.Ed.2d 148, 123 S.Ct. 2191].) It is not clear that the federal doctrine applies outside its First Amendment context. (*Tobe v. City of Santa Ana, supra*, 9 Cal.4th 1069, 1095, fn. 15 (*Tobe*), and cases there cited.)

In contrast, in discussing the possible overbreadth of probation conditions, California courts do not evaluate how they might restrict the rights of third parties, but whether they are overly restrictive of the probationer's constitutional rights, and this focus is not limited to the probationer's First Amendment rights. (E.g., *In re Luis F.* (2009) 177 Cal.App.4th 176, 183 [99 Cal.Rptr.3d 174] [probation condition requiring use of prescribed medication infringed 14th Amend. liberty interest].) Indeed the federal constitutional right to travel asserted here has been variously attributed to the privileges and immunities clause and the liberty protection of the Fourteenth Amendment. (*Tobe, supra*, 9 Cal.4th at pp. 1096–1098.) The state right to intrastate travel is attributed to the correlative provisions of the California Constitution, article I, sections 7 and 24. (*Tobe*, at p. 1100.)

property to speculate as to the meaning of penal statutes. All are entitled to be informed as to what the State commands or forbids.' (*Lanzetta* v. *New Jersey* (1939) 306 U.S. 451, 453 [83 L.Ed. 888, 59 S.Ct. 618], fn. omitted; [citation].) The operative corollary is that 'a statute which either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.' (*Connally* v. *General Construction Co.* (1926) 269 U.S. 385, 391 [70 L.Ed. 322, 46 S.Ct. 126].)

"In its more recent applications of the vagueness doctrine, the high court has also expressed a concern for the potential for arbitrary and discriminatory enforcement inherent in vague statutes. ([Citation]; *Kolender* v. *Lawson* (1983) 461 U.S. 352, 357 [75 L.Ed.2d 903, 103 S.Ct. 1855] [doctrine seeks to avoid 'arbitrary and discriminatory enforcement.'].) Thus, a law that is 'void for vagueness' not only fails to provide adequate notice to those who must observe its strictures, but also 'impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis, with the attendant dangers of arbitrary and discriminatory application.' (*Grayned* v. *City of Rockford, supra*, 408 U.S. at pp. 108–109, fn. omitted.)" (*Acuna, supra*, 14 Cal.4th at pp. 1115–1116.)

Probationers have been recognized as still enjoying a constitutional right to intrastate travel (*In re White* (1979) 97 Cal.App.3d 141, 148 [158 Cal.Rptr. 562]), but courts have allowed some restrictions of that right through gang probation conditions. *In re Michael D.* (1989) 214 Cal.App.3d 1610 [264 Cal.Rptr. 476] quickly rejected a challenge to the condition " 'You are not to be present in any known gang gathering area.' " (*Id.* at p. 1616.) "Minor contends he lives in the Middleside gang area and a condition he stay out of known gang gathering areas is vague and restricts his constitutional right to travel. But we think the condition is not 'so sweeping and so punitive that it becomes unrelated to rehabilitation.' (*In re White, supra*, 97 Cal.App.3d at p. 148.) Given the facts of this case requiring minor to stay out of known 'gang gathering areas' is neither unreasonably vague nor unconstitutional." (*Id.* at p. 1617.)

*In re Ramon M.* (2009) 178 Cal.App.4th 665 [101 Cal.Rptr.3d 158] rejected a challenge to the condition " 'You are not to be present in any known gang gathering area of the Barrio Pobre gang as directed by your probation officer.' " (*Id.* at p. 676.) Relying in part on *In re Michael D., supra*, 214 Cal.App.3d 1610, the court concluded that "[s]uch provisions are closely tailored to the goal of keeping a probationer out of gang activity, and

therefore not facially unconstitutional." (*In re Ramon M.*, at p. 678.) "The provision is not facially vague or overbroad . . . ." (*Ibid.*)

■ When a gang area restriction has lacked an explicit knowledge requirement, appellate courts have required modifications. *In re Vincent G.* (2008) 162 Cal.App.4th 238 [75 Cal.Rptr.3d 526] modified a probation condition stating " 'You are not to . . . be at areas known to be frequented by gang members' " (*id.* at p. 245) to state " 'You are not to . . . be at areas that you know, or that the probation officer informs you, are frequented by gang members' " (*id.* at pp. 247–248).

In *In re H.C.* (2009) 175 Cal.App.4th 1067 [96 Cal.Rptr.3d 793], this court considered a challenge to the condition " 'That the minor not frequent any areas of gang-related activity and not participate in any gang activity.' " (*Id.* at p. 1072.) We observed that " 'frequent' " "is not so much overbroad as obscure." (*Ibid.*) That was not the only problem *H.C.* identified. "An area with 'gang-related activity' might be, in some instances, an entire district or town. It would be altogether preferable to name the actual geographic area that would be prohibited to the minor and then to except from that certain kinds of travel, that is, to school or to work. At the very least the condition, No. 25, should be revised to say that the minor not visit any area known to him to be a place of gang-related activity. For example, in this case a San Jose police officer identified 1604 Crucero Lane as being a high-crime area with Sureno gang activity. Surely the trial court armed with that information would be able to fashion a more precise order." (*Ibid.*) *H.C.* reversed the judgment and remanded for the trial court to more closely tailor this condition. (*Id.* at p. 1073.)

In *People v. Leon* (2010) 181 Cal.App.4th 943 [104 Cal.Rptr.3d 410] (*Leon*), this court considered two challenges to the condition " 'You're not to frequent any areas of gang-related activity.' " (*Id.* at p. 952.) The appellant contended that " 'frequent' " was obscure and that a knowledge condition should be added. The Attorney General did not object to the second contention. We agreed, and ordered the condition modified to state " 'You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity.' " (*Ibid.*)

The Attorney General points out that condition No. 15 in this case contains the same language we approved in *Leon*. Defendant responds that his argument "goes farther" than the one made in *Leon*.

The thrust of defendant's argument is somewhat elusive. Quoting *Acuna*, he asserts that this condition " 'impermissibly delegates basic policy matters

to policemen, judges, and juries for resolution on an *ad hoc* and subjective basis.' " Yet he suggests that there would be "no problem if the court had delegated to the probation officer the responsibility of defining specific areas or places that appellant must not visit or remain in, under general guidelines approved by the court." He suggests that he could challenge it in court "[i]f a particular restriction was excessive or unreasonable." He acknowledges that "[s]taying away from specific places where gang members regularly 'hang' makes perfect sense," and he points out that gang members, "like anyone else," occasionally congregate and commit crimes like assaults and conspiracies to rob and murder in local restaurants, shopping malls, and at amusement parks and county fairs.

We understand the crux of defendant's point to be best articulated in his reply brief. "In reality, a standard based on what a probationer 'knows' (even though no one has told him) is a vague and unenforceable standard that invites mischief, and is every bit as vague and arbitrary as a standard that does not require knowledge." He repeatedly identifies as his concern the possibility of being arrested for a probation violation by a police officer who believes that defendant must know he is in an area of gang-related activity, even though defendant has a different opinion about the nature of the area.

This position is indeed the antithesis of the appellant's position in *Leon* that a knowledge condition was required to cure the vagueness of a probation condition. Defendant here seeks to avoid any liability for the consequences of what he knows unless he has gained the information from a single source, the probation department.[5]

Defendant asserts that "[t]his problem was recognized to some extent in *In re Victor L.* [(2010) 182 Cal.App.4th 902 [106 Cal.Rptr.3d 584]]." Defendant mischaracterizes that opinion as striking down a probation condition prohibiting visits to areas the minor knew to be gang related and directing "the lower court and the probation officer to determine which exact areas of town were proscribed."

In fact, in *Victor*, the First District Court of Appeal considered vagueness challenges to several probation conditions, including part of one stating, " 'Minor shall not be in any . . . areas known by Minor for gang-related activity.' " (*In re Victor L., supra*, 182 Cal.App.4th at p. 913, fn. 7 (*Victor*).) The court agreed "with Victor that, even with a knowledge requirement, the

---

[5] We note that one of the main objectives of probation is the probationer's "reformation and rehabilitation." (Pen. Code, § 1203.1, subd. (j).) This objective is served by requiring probationers to use their personal knowledge to make good choices about avoiding detrimental situations. In this case, we are evaluating only the constitutionality of the condition, not its reasonableness.

gang-related activities condition is impermissibly vague in that it does not provide notice of what areas he may not frequent or what types of activities he must shun." (*Id.* at p. 914.)[6]

*Victor* considered the probable purpose of this condition in its context of other gang conditions prohibiting participation in crimes and gang activities and association with gang members and concluded that "the 'gang-related activity' condition appears to have been intended to prevent Victor from coming into close contact with gang members, even short of voluntary association or participation in their activities." (*Victor, supra,* 182 Cal.App.4th at p. 915.) The court questioned whether the condition had "lawfully achieved its purpose," as "[t]he ambiguity of the chosen language conjures up divergent possible definitions of the term 'gang-related activity,' and reasonable minds may differ as to precisely which 'areas' would come within the condition's purview." (*Id.* at p. 916.)

*Victor* discussed different approaches to clarifying this probation condition. One way to improve it "would be to establish descriptive or mapped boundaries for that purpose." (*Victor, supra,* 182 Cal.App.4th at p. 916, fn. omitted.) "[Y]et nothing in the gang-related activity condition of probation provides for such an individualized specification of forbidden areas." (*Ibid.*) Another approach to implementing this condition "might focus on the nature of the activity, rather than the geographic area in which it occurs, thereby forbidding Victor's presence in the immediate vicinity of activities or events likely to attract gang members. Such a focus would require specification of the types of events or locations that are off-limits," such as "automobile sideshows, gun dealerships, rap concerts, tattoo parlors, pool halls, or bars." (*Id.* at p. 917.)

To avoid unduly burdening the trial courts with clarifying the forbidden zones, the appellate court modified the probation condition "to provide for the probation officer to notify Victor of the areas he must avoid." (*Victor, supra,* 182 Cal.App.4th at pp. 917–918.) The court left "it to the probation officer in the first instance to consider whether a boundaries approach or an activity-specific approach would better serve his or her goals for Victor." (*Id.* at p. 918.) According to the court, no matter which of these approaches a probation officer adopted, the officer's specification of prohibited areas or

---

[6] Although it would seem to follow from *Victor* that the phrase "an area of criminal street gang-related activity" is impermissibly vague, we do not understand defendant to be making this claim. His target is the knowledge requirement.

activities "makes the condition of probation both clear enough to avoid a vagueness challenge and narrow enough to escape a claim of overbreadth." (*Ibid.*)[7]

The appellate court purported to implement this solution by adding the following italicized language to the existing condition. " 'The Minor shall not be in any . . . areas known by Minor for gang-related activity (*or specified by his probation officer as involving gang-related activity*).' " (*Victor, supra,* 182 Cal.App.4th at pp. 931–932.) After ordering modifications to other challenged conditions, the court affirmed the judgment as modified. (*Ibid.*)

Thus, *Victor* did not strike down the knowledge requirement in the existing probation condition. The original phrasing remained verbatim in the condition as modified. *Victor* did not direct the trial court or the probation officer to exactly specify forbidden areas. What the modification did was to authorize the probation officer to specify (presumably to Victor) what areas he should avoid. We do not understand the modification to require the probation officer to do so or to preclude proving a violation by showing that Victor learned the nature of an area from a reliable source other than his probation officer. The modification simply described one method by which the probationer could learn that an area was prohibited.

Defendant asks us to either strike or modify condition No. 15. He contends that the condition approved by *Leon* "is from a practical standpoint as dangerous as the one it replaced. The preferable choice is set forth in" *Victor.*

*Victor* cited *Leon* as having adopted the approach proposed in *Victor.* (*Victor, supra,* 182 Cal.App.4th at p. 918.) We see no essential difference between the modified condition in *Victor* and the challenged condition in this case. Both require the probationer to avoid what he knows to be areas of criminal-street-gang-related activity, and both provide that the probationer may (not must) gain this knowledge from the probation officer.

We need not further analyze defendant's concerns about how he may be said (and proved) to "know" something. While reasonable minds may disagree about where criminal street gang activities occur, defendant cannot be found in violation of this condition for visiting an area of gang-related activity unless there is proof that *he* knew the nature of the location, *possibly*

---

[7] It appears to us that *Victor* delegated to the probation officer the task of clarifying a phrase that the appellate court concluded was unconstitutionally vague. The court asserted that it had provided sufficient guidance to make this delegation permissible. (*Victor, supra,* 182 Cal.App.4th at pp. 918–919.) As this court has recognized, "A probation condition that in effect delegates unfettered discretion to a probation officer to determine its scope at the very least risks being unconstitutionally overbroad." (*Leon, supra,* 181 Cal.App.4th at p. 953.)

by learning it from his probation officer, or by some other means that can be proved up at a violation of probation hearing by a preponderance of the evidence. The knowledge condition suffices to give defendant fair warning of what areas to avoid and ensures that he will not be found in violation due to a factual mistake, accident, or misfortune. We conclude that condition No. 15 requires no modification.

### 5. The School Campus Condition

On appeal defendant challenges condition No. 16—"You're not to be adjacent to any school campus during school hours unless you're enrolled in or with prior permission of the school administrator or probation officer"—as "impermissibly vague and constitutionally overbroad."

We are aware of no precedent considering whether the phrase "adjacent to" in a probation condition is vague or overbroad.[8] We have already quoted from *Acuna* the general principles applicable. *Acuna* cited *Lanzetta v. New Jersey, supra*, 306 U.S. 451, where the United States Supreme Court found the state's use of the phrase "any gang consisting of two or more persons" (*id.* at p. 456) in a statute to be "vague, indefinite and uncertain" because it was subject to a number of interpretations. (*Id.* at p. 458.) *Acuna* also cited *Kolender v. Lawson, supra*, 461 U.S. 352, where the court found unconstitutionally vague a California statute that had been construed to require "that an individual provide 'credible and reliable' identification when requested by a police officer who has reasonable suspicion of criminal activity sufficient to justify a *Terry* detention." (*Id.* at p. 356, fn. omitted.) The court observed that the statute, as construed by the California courts, "contains no standard for determining what a suspect has to do in order to satisfy the requirement to provide a 'credible and reliable' identification. As such, the statute vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute and must be permitted to go on his way in the absence of probable cause to arrest." (*Id.* at p. 358.)

The word "adjacent" conveys proximity and generally means "close to," "lying near," "next to" or "adjoining." (See American Heritage Dict. (3d ed.

---

[8] We are aware that in *Grayned v. City of Rockford, supra*, 408 U.S. 104, the United States Supreme Court found an antinoise ordinance to be neither unconstitutionally vague nor overbroad when the ordinance prohibited " 'making of any noise or diversion which disturbs or tends to disturb' " school sessions or classes " 'while on public or private grounds adjacent to any building' " containing a school session or class. (*Id.* at pp. 108, 107.) In the course of its discussion, the court stated that the ordinance "forbids this willful activity at fixed times—when school is in session—and at a sufficiently fixed place—'adjacent' to the school." (*Id.* at p. 111, fn. omitted.) But as we read that opinion, the court's focus was not on the location of the activity, but on whether the ordinance defined clearly enough what conduct was prohibited and whether it was overly restrictive of expressive activity. (*Id.* at pp. 109–120.) So we do not consider it controlling regarding the constitutional clarity of "adjacent to" in other contexts.

1997) p. 16 ["Close to; lying near" and "Next to; adjoining"]; Oxford English Dict. Online <http://www.oed.com/view/Entry/2414?redirectedFrom=adjacent> [as of Aug. 23, 2011] ["adjacent, adj. and n."]; *ibid.* <http://www.oed.com/view/Entry/2414?redirectedFrom=adjacent> [as of Aug. 23, 2011] ["lying near or adjoining"]; Black's Law Dict. (9th ed. 2009) p. 46, col. 2 ["Lying near or close to, but not necessarily touching."].) According to another common dictionary, however, it can also mean "not distant: nearby." (Webster's Collegiate Dict. (10th ed. 1997) p. 14.)

We believe that the meanings of "adjacent" and "adjacent to" are clear enough as an abstract concept. They describe when two objects are relatively close to each other. The difficulty with this phrase in a probation condition is that it is a general concept that is sometimes difficult to apply. At a sufficient distance, most reasonable people would agree that items are no longer adjacent, but where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual probation officer charged with enforcing this condition. While a person on the sidewalk outside a school is undeniably adjacent to the school, a person on the sidewalk across the street, or a person in a residence across the street, or two blocks away could also be said to be adjacent. To avoid inviting arbitrary enforcement and to provide fair warning of what locations should be avoided, we conclude that the probation condition requires modification.[9]

Defendant suggests that the condition should be modified to "prohibit stopping or lingering on school grounds or on any street or sidewalk immediately adjacent to a school, without the permission of the school administration or the probation officer." The Attorney General does not object to modifying the condition to state, "Do not knowingly be on or within 50 feet of a school campus during school hours unless enrolled or with prior administrative permission or prior permission of the probation officer."[10]

---

[9] We do not intend to suggest that all penal statutes employing the word "adjacent" are unconstitutionally vague. (E.g., Pen. Code, § 626.8, subd. (a) [prohibiting disruption of school by any person "who comes into any school building or upon any school ground, or street, sidewalk, or public way adjacent thereto"]; Pen. Code, § 4571 [prohibiting felons from coming on grounds of any institution housing prisoners without the warden's consent or upon "lands belonging or adjacent thereto"]; Pen. Code, § 4574, subd. (a) [prohibiting bringing deadly weapons into any institution housing prisoners without consent or "within the grounds belonging or adjacent to any such institution"]; Veh. Code, § 22522 [prohibiting parking a vehicle within three feet of "any sidewalk access ramp constructed at, or adjacent to, a crosswalk"]; Veh. Code, § 25305, subd. (a) [restricting placing or displaying "any lighted fusee" "upon or adjacent to the highway or highway-railroad crossing"]; Welf. & Inst. Code, § 1001.7 [prohibiting felons from coming on grounds of any California Youth Authority institution without consent or upon "lands belonging or adjacent thereto"].) None of those statutes is currently before us.

[10] The Attorney General thus agrees to adding an express knowledge requirement not requested by defendant. We note that the locations of most public schools are well marked as

Defendant replies that the Attorney General's proposal "still makes it a possible violation to drive down a street that is adjacent to a school, or to walk past a school on the way to another location" or "simply by being in a structure that happened to be adjacent to a school, such as a church with an adjacent parochial school."

Defendant's thesis seems to be that a probation condition restricting constitutional rights must be stated so exactly as to preclude any possibility of misinterpretation or misapplication. This is more than the law and reason require.

The "prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision. Many statutes will have some inherent vagueness, for '[i]n most English words and phrases there lurk uncertainties.' [Citation.] Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid. [Citations.] All the Due Process Clause requires is that the law give sufficient warning that [probationers] may conduct themselves so as to avoid that which is forbidden." (*Rose v. Locke* (1975) 423 U.S. 48, 49–50 [46 L.Ed.2d 185, 96 S.Ct. 243].)

"In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' [Citation.]" (*Sheena K., supra*, 40 Cal.4th 875, 890, quoting *Acuna, supra*, 14 Cal.4th 1090, 1116–1117.)

We conclude that it will provide defendant with sufficient guidance to modify condition No. 16 along the lines proposed by the Attorney General.[11]

required by statutes with speed limit signs (Veh. Code, § 22352, subd. (a)(2)(B)), painted crosswalks labeled "SCHOOL XING" (Veh. Code, § 21368), federal and state flags (Gov. Code, § 431, subd. (d)), and notices of school hours (Ed. Code, § 32211, subd. (e)), as well as their often distinctive combinations of buildings, playgrounds, and parking lots.

While accepting the Attorney General's concession in this case, we recognize that other modifications may equally solve the problem we perceive, such as a different measure of distance (e.g., "30 feet," "20 yards"), a different measure of physical proximity (e.g., "on" or "one block away") or otherwise mapping restricted areas (e.g., "the 1200 block of Main Street"). We do not intend to suggest that a 50-foot distance is a constitutional threshold.

[11] We recognize that there is a superficial inconsistency in modifying a probation condition requiring avoidance of schools without modifying a condition avoiding areas of criminal-street-gang-related activity. However, defendant has mounted different attacks on these conditions. The vagueness we perceive in the school condition involves its proximity descriptor ("adjacent to") and not the description of the area to be avoided. What defendant challenges in

## 6. DISPOSITION

The trial court is directed to modify the probation condition we have numbered 16 to state, "You're not to knowingly be on or within 50 feet of any school campus during school hours unless you're enrolled in it or with prior permission of the school administrator or probation officer." As so modified, the judgment is affirmed.

Rushing, P. J., and Duffy, J., concurred.

---

the gang area condition is neither a proximity descriptor nor the area definition, but the means by which he acquires knowledge of the area's character.