Filed 3/5/13  In re C.R. CA6
## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re C.R., a Person Coming Under the Juvenile Court Law. | H038235 (Santa Clara County Super. Ct. No. JV38601) |
| THE PEOPLE, Plaintiff and Respondent, v. C.R., Defendant and Appellant. | |

After a contested jurisdictional hearing, the juvenile court sustained a petition accusing appellant C.R. of misdemeanor battery (Pen. Code, § 242, 243, subd. (a)).  The court declared appellant to be a ward of the court and placed her on probation for six months.  On appeal, she challenges several of the probation conditions as vague and overbroad, along with a search condition she regards as unreasonable.  We find appellant's points to be well taken and therefore will modify the dispositional order.

*Background*

The petition filed under Welfare and Institutions Code section 602[1] arose from a confrontation between appellant and another girl at her high school, with whom there had been a previous "problem" relationship. After exchanging "angry words and stares," the other girl, Priscilla L., retreated. Appellant found Priscilla in a classroom, pushed her, and then began slapping her.

The court found appellant to be a minor described by section 602 and imposed multiple conditions, including the following ones that are challenged on appeal:

"5. That said minor not be on or adjacent to any school campus unless enrolled or with prior administrative approval; . . .

"7. That said minor not use, possess, or be under the influence of alcohol or any form of controlled or illegal substance without the legal right to do so and submit to drug and substance abuse testing as directed by the Probation Officer;

"8. That said minor not be in possession of any drug paraphernalia;

"9. That said minor submit his [*sic*] person, property, residence, or any vehicle owned by said minor or under said minor's control to search and seizure at any time of the day or night by any peace officer with or without a [w]arrant; . . .

"17. That said minor have no contact of any type with Priscilla L. . . . "

From the court's dispositional order on April 23, 2012, appellant filed a timely notice of appeal.

*Discussion*

Appellant challenges conditions 5, 7, 8, and 17 as being unconstitutionally vague and overbroad. All of those, she points out, lack an express requirement that she *knowingly* engage in conduct that would violate probation. In addition, condition 5 does

---

[1] All further statutory references are to the Welfare and Institutions Code.

not specify how far from a school qualifies as "adjacent," and the word "contact" in condition 17 could describe any conduct that she might engage in without realizing that Priscilla is in the vicinity. The overbreadth in the word "contact" is also inherent in condition 17, appellant argues, because an interpretation of "contact" could "encroach on appellant's Fourteenth Amendment right to travel and loiter for innocent purposes." Appellant is concerned that she might avoid legitimate activities to "reduce her risk of coming into coincidental 'contact' with Priscilla."[2]

As to these conditions, the People do not object to the modifications proposed by appellant, which will insert a knowledge element into each condition and clarify the distances that would violate conditions 5 and 17. (Cf. *People v. Barajas* (2011) 198 Cal.App.4th 748, 762-763; *People v. Kim* (2011) 193 Cal.App.4th 836, 844-846.) We agree that a knowledge requirement should be inserted and that the words "adjacent" and "contact" can be clarified to specify the required distance from schools and the victim. We will therefore modify the identified probation conditions accordingly.

Appellant further contends that condition 9 is improper because it permits warrantless searches of her residence, which is not reasonably related to her misdemeanor battery offense or to any anticipated future criminality. Her offense, she points out, was an isolated fight at school; no weapons were involved, she had no documented history of drug or alcohol possession or use, and this was her first referral to the probation department.

Section 730, subdivision (b), allows the juvenile court to "impose and require any and all reasonable conditions that it may determine fitting and proper to the end that justice may be done and the reformation and rehabilitation of the ward enhanced." This provision accords the court broad discretion among "a variety of dispositional options."

---

[2] It has not escaped our notice that appellant's concerns are now academic, as her six-month probationary period should have expired.

(*In re Tyrell J.* (1994) 8 Cal.4th 68, 81.)  The court's "discretion to fashion appropriate conditions of probation is distinguishable from that exercised by an adult court when sentencing an adult offender to probation. Although the goal of both types of probation is the rehabilitation of the offender, '[j]uvenile probation is not, as with an adult, an act of leniency in lieu of statutory punishment; it is an ingredient of a final order for the minor's reformation and rehabilitation.' [Citation]. . . .  [¶]  In light of this difference, a condition of probation that would be unconstitutional or otherwise improper for an adult probationer may be permissible for a minor under the supervision of the juvenile court." (*Ibid.*, citing *In re Binh L.* (1992) 5 Cal.App.4th 194, 203; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 889.)  "This is because juveniles are deemed to be more in need of guidance and supervision than adults, and because a minor's constitutional rights are more circumscribed. The state, when it asserts jurisdiction over a minor, stands in the shoes of the parents. And a parent may 'curtail a child's exercise of the constitutional rights . . . [because a] parent's own constitutionally protected "liberty" includes the right to "bring up children" [citation,] and to "direct the upbringing and education of children." [Citation.]' " (*In re Antonio R.* (2000) 78 Cal.App.4th 937, 941; accord, *In re D.G.* (2010) 187 Cal.App.4th 47, 52.)

Notwithstanding the broader scope of the juvenile court's discretion compared to that of the court in adult criminal cases, the juvenile court must still consider "not only the circumstances of the crime, but also the minor's entire social history."  (*In re Todd L.* (1980) 113 Cal.App.3d 14, 20; accord, *In re Tyrell J., supra,* 8 Cal.4th at p. 81.)  "Despite the differences between the two types of probation, it is consistently held that juvenile probation conditions must be judged by the same three-part standard applied to adult probation conditions under [*People v. Lent* (1975) 15 Cal.3d 481, 486]: 'A condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ."

[Citation.]  Conversely, a condition of probation which requires or forbids conduct which is not itself criminal is valid if that conduct is reasonably related to the crime of which the defendant was convicted or to future criminality.' "  (*In re D.G., supra,* 187 Cal.App.4th at pp. 52-53.)

The parties debate the application of the principles set forth in *People v. Lent, supra,* and applied in *In re D.G.*  We agree with appellant that the search of her residence was not justified by either the circumstances of her offense or her social history.  The People attempt to defend the search condition by pointing out that appellant's attendance at school had been spotty, and her grades had fallen.  They suggest that although appellant did not use a weapon in hitting Priscilla, she might "be tempted to do so in the future."  In the People's view, appellant "was obviously a minor in trouble and heading in the wrong direction.  Given these behaviors which reflected a possible risk of escalating delinquency, the trial court did not abuse its discretion in retaining the residential search condition."

The problem with the People's position is that none of their perceived rationale is supported by the record.  In the court below the prosecutor merely posited, without pointing to any specific factors in appellant's conduct or social history, that "[i]f there is some reason that [probation officers and the police] want to have access, they should have that because we're dealing with a minor."  The juvenile court likewise did not cite any circumstances in appellant's history or the prospect of her future criminality that would justify a warrantless search of appellant's home at any time during her probation.  Instead, the court merely deferred the question to a future hypothetical scenario in which such a search did take place and was challenged by the minor under the Fourth Amendment.

As in *In re D.G.*, *supra*, we cannot find any evidence in the record to support the residential search condition in this case.  There is no relationship between appellant's conduct at home and her attack *at school* on a former friend with whom she now had a

5

hostile relationship.  She had no record of delinquent behavior.  Nor is there any indication that she might have weapons or drugs at home; thus, "there is no reason to believe the current restriction will serve the rehabilitative function of precluding appellant from any future criminal acts."  (187 Cal.App.4th at p. 53.)  Appellant was still subject to search of her person, property, and any vehicle she was operating, whether at school or anywhere else in public.

As we noted in *In re Binh L.*, *supra*, 5 Cal.App.4th at page 203, "every juvenile probation condition must be made to fit the circumstances and the minor."  "Of necessity, a probation condition that can be justified only on grounds that can be applied equally to every juvenile probationer is hardly tailored to the needs of appellant."  (*In re D.G.*, *supra*, 187 Cal.App.4th at p. 56.)  We cannot find the specific circumstances here to fit the condition permitting warrantless searches of appellant's residence.

*Disposition*

The dispositional order is modified to amend probation conditions 5, 7, 8, 9, and 17, as follows:  5. You must not knowingly be on or within 50 feet of any school campus unless enrolled there or with prior administrative approval; 7. You must not knowingly possess, or be under the influence of, alcohol or any form of substance you know to be controlled or illegal without the legal right to do so, and you must submit to drug and substance abuse testing as directed by the probation officer; 8. You must not knowingly possess any unlawful drug paraphernalia; 9. You must submit your person, personal property, or any vehicle owned by you or under your control to search and seizure at any time of the day or night by any peace officer with or without a warrant; 17. You must not knowingly come within 50 feet of Priscilla L. or attempt to communicate with her.

As so modified, the order is affirmed.

6

_____

ELIA, J.

_____

RUSHING, P. J.

_____

PREMO, J.