Filed 1/29/14  P. v. Chavez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C073018 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF12509) |
| v. | |
| MARIAH ANN MARIE CHAVEZ, | |
| Defendant and Appellant. | |

Defendant Mariah Ann Marie Chavez pled no contest to assault by means of force likely to produce great bodily and received four years of formal probation, including 180 days in county jail.  Her probation conditions included the following:  "You shall not be adjacent to any school campus during school hours unless you are enrolled or with prior written permission of the school administration or probation."[1]

_____

[1]  The sentencing minute order cites to "item #14" of the probation report, where this condition appears as stated above.  However, the trial court orally amended it to "prior

1

Relying on *People v. Barajas* (2011) 198 Cal.App.4th 748, 760-763 (*Barajas*), defendant contends that "adjacent to" is unconstitutionally vague and should be replaced by "within 50 feet of." The People contend that "adjacent to" is not vague, but suggests that if we conclude otherwise we should modify the condition in a manner consistent with *Barajas*.

We agree with defendant and *Barajas* that "adjacent to," in the context of this probation condition, is impermissibly vague. But on this record we cannot say whether defendant's proposed modification is appropriate. Furthermore, because the record does not show that defendant has ever committed an offense on or near a school campus, we cannot determine whether the probation condition was appropriately imposed. We therefore remand with directions that the trial court reconsider whether this condition should be imposed, and if so, to modify the condition in light of the facts of the case and the purpose of the restriction to be imposed on defendant.

FACTUAL AND PROCEDURAL BACKGROUND

The present crime is defendant's first adult offense. However, defendant has an extensive juvenile record, including two misdemeanor batteries (one on a juvenile, the other on a young adult), and a misdemeanor resisting an officer offense stemming from a reported fight among a number of juveniles, including defendant.[2] A search of her residence over a year before the present crime found terms associated with the Norteño street gang written on her bedroom walls.

According to the probation report, the present offense and the prior battery on a juvenile occurred on the street in Yuba City where defendant lives. The mass

---

written permission of your probation officer *and* the school administrator." (Italics added.) If the trial court reimposes this condition on remand, it will need to decide whether it intends to modify the condition in this respect.

[2]     Defendant's juvenile record also includes shoplifting offenses at local stores.

fight/resisting incident occurred at an address in Marysville.  The location of the other prior battery is not given.  It is not stated whether any of the identified locations are on or near a school campus.

In the present case, according to the probation report, the victim was walking down the street with another person at around 9:00 p.m. on August 6, 2012.  Defendant and her sisters came out of their home.  Defendant yelled obscenities at the victim, walked up behind her, grabbed her by the hair, and started punching her in the face.  The victim lost consciousness and fell to the ground.  Defendant started kicking her in the ribs and abdomen.  Regaining consciousness, the victim tried to get up.  Defendant kneed her in the face, again knocking her out, and continued the assault.  In an attempt to stop the attack, the victim told defendant falsely that she was pregnant.  Defendant ceased kicking her, but said she would "fuck [the victim] up" again when the victim was no longer pregnant.  After the victim reported the incident to the police, defendant admitted the offense but claimed the victim had threatened to attack defendant first.

The probation report recommended that if defendant received probation, conditions barring association with gangs and gang members should be imposed.[3]  In the middle of the paragraph setting out those conditions is the following provision (the only

---

[3]     These conditions include:  "You are not to possess, wear, or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandanna, jacket, or other article of clothing that you know or the probation officer informs you is evidence of, affiliation with, or membership in a criminal street gang.  You are not to associate with any person you know to be or the probation officer informs you is a member of a criminal street gang.  You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal-street-gang-related activity . . . .  You shall not be present at any Court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present or that the proceeding concerns a member of a criminal street gang unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have the prior written permission of your probation officer."

3

one that does not mention gangs): "You shall not be adjacent to any school campus during school hours unless you are enrolled or with prior written permission of the school administration or probation."

At defendant's sentencing hearing, her counsel objected to the anti-gang conditions in general, asserting that the present offense was not gang-related and the anti-gang conditions were not rationally related to her probation. Counsel did not specifically mention the "adjacent to any school campus" provision.

The trial court found the anti-gang conditions appropriate in light of defendant's history of gang ties. The court then orally recited them as stated in the probation report, including the "adjacent to any school campus" provision.

DISCUSSION

I

*Defendant's Challenge To The Probation Condition Is Not Forfeited*

A probation condition may be challenged on constitutional grounds for the first time on appeal if the challenge presents a pure question of law. (*Barajas, supra*, 198 Cal.App.4th at p. 753, citing *In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.) The parties agree that defendant's vagueness challenge falls within this rule. So do we. Therefore, even though trial counsel did not object specifically to the "adjacent to any school campus" provision, defendant's challenge to that condition is properly before us.

II

*"Adjacent To," As Used In This Probation Condition, Is Unconstitutionally Vague*

In *Barajas, supra*, 198 Cal.App.4th 748, which is directly on point and dispositive, the court concluded that the term "adjacent to," as used in a probation condition, is impermissibly vague. The court reasoned under general constitutional principles, a statutory phrase is vague or overbroad if it is "subject to a number of interpretations," contains no standard for determining what a person must do in order to comply with it, and "vests virtually complete discretion in the hands of [the enforcing

4

authorities]" to determine whether the person has done so.  (*Barajas,* at p. 760; see *In re Sheena K., supra,* 40 Cal.4th at p. 890 [probation conditions].)  According to dictionary definitions, " 'adjacent' " generally means " 'close to,' " " 'lying near,' " " 'next to,' " or " 'adjoining' "; however, it can also mean merely " 'not distant:  nearby.' "  (*Barajas,* at pp. 760-761.)  Thus, "where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual probation officer charged with enforcing this condition."  (*Id.* at p. 761.)  "While a person on the sidewalk outside a school is undeniably adjacent to the school, a person on the sidewalk across the street, or a person in a residence across the street, or two blocks away could also be said to be adjacent."  (*Ibid*.)  Therefore, the probation condition required modification "[t]o avoid inviting arbitrary enforcement and to provide fair warning of what locations should be avoided."  (*Ibid*.)

The court concluded that the People's alternative proposal ("Do not knowingly be on or within 50 feet of a school campus . . . .") would give the defendant sufficient guidance and ordered the condition to be so modified.  (*Barajas, supra*, 198 Cal.App.4th at pp. 761-763.)  The court noted, however, that the 50-foot distance was not "a constitutional threshold" and that other modifications might work as well (e.g., " '30 feet,' " " '20 yards,' " " 'on,' " " 'one block away,' " or " 'the 1200 block of Main Street' ").  (*Id.* at p. 762, fn. 10.)

The People assert here that, when viewed in context, the term "adjacent to" is reasonably specific and gives adequate notice of what conduct is prohibited.  However, they do not cite any cases on point.  They also do not address *Barajas*'s observation that in the context of the probation condition at issue, "adjacent to" could reasonably be taken to mean anything from next to a campus to two blocks away" (*Barajas, supra*, 198 Cal.App.4th at p. 761.)

## III

### *The Trial Court Must Determine Whether The Probation Condition*
### *At Issue Is Appropriately Imposed And Act Accordingly*

The parties agree that if we decide the probation condition at issue needs to be modified, the modification adopted in *Barajas*, *supra*, 198 Cal.App.4th at page 763 -- replacing "adjacent to" by "within 50 feet of" -- would be appropriate. But on this record, we cannot say whether this modification or some other would best serve the purpose of the probation condition, because we cannot tell what that purpose is supposed to be. As we have explained, the record does not show that defendant has ever committed an offense on or near a school campus. So far as the condition at issue was meant to relate to the anti-gang conditions that surround it, it does not appear to add anything material that those conditions do not already cover.

We remand the matter to the trial court with directions to reconsider whether the probation condition at issue is appropriate on the facts of this case. If the court finds that the condition is appropriate, the court is directed to modify it in keeping with *Barajas, supra*, 198 Cal.App.4th at pages 762-763 and footnote 10. If the court finds that the condition is not appropriate, the court is directed to delete it.

### DISPOSITION

The matter is remanded to the trial court for further proceedings consistent with this opinion.

                                                _____ROBIE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____MAURO_____, J.