Filed 12/18/15  P. v. Cortez CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>SERGIO CORTEZ,<br><br>  Defendant and Appellant. | H041481<br>(Santa Clara County<br> Super. Ct. No. C1489170) |

Defendant Sergio Cortez was convicted of possessing a controlled substance and being under the influence of a controlled substance.  On appeal from the judgment of conviction, defendant contends that the trial court erred in imposing two probation conditions that are unconstitutionally vague.  As set forth below, we will modify one of the probation conditions and affirm the judgment as modified.

**BACKGROUND**

A complaint charged defendant with possession of phencyclidine (Health & Saf. Code, § 11377, subd. (a)) and being under the influence of phencyclidine (Health & Saf. Code, § 11550, subd. (a)).  Defendant pleaded guilty to both charges.

The trial court suspended imposition of sentence and placed defendant on formal probation for two years.  Among the various terms and conditions of probation, the trial

1

court ordered defendant to "not possess or consume illegal drugs" and to "not own, possess, or have in your custody and control any firearm or ammunition."

## DISCUSSION

Defendant contends that the probation condition regarding drugs and the probation condition regarding firearms and ammunition are unconstitutionally vague because they lack express knowledge requirements. He accordingly requests that we modify those conditions to include explicit knowledge requirements. The People contend that defendant forfeited his claim by failing to object to the probation conditions in the trial court, and they alternatively assert that the challenged conditions withstand constitutional scrutiny.

We first address the issue of forfeiture. This court has held: "A court of appeal may . . . review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record." (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753; *In re E.O.* (2010) 188 Cal.App.4th 1149, 1153, fn. 1.) Here, defendant's claim is not forfeited because it can be resolved as a matter of law without reference to the sentencing record. We therefore turn to the merits of defendant's claim.

"Constitutional issues are reviewed de novo." (*In re J.H.* (2007) 158 Cal.App.4th 174, 183.) We accordingly "review constitutional challenges to a probation condition de novo." (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

The "underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 890.) "The rule of fair warning consists of 'the due process concepts of preventing arbitrary law enforcement and providing adequate notice to potential offenders' [citation], protections that are 'embodied in the due process clauses of the federal and California Constitutions.' " (*Ibid.*) "A probation condition 'must be sufficiently precise for the probationer to know

2

what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) Thus, where the language of a probation condition is such that a probationer could unwittingly violate the condition, an express knowledge requirement must be inserted into the condition. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 634.)

In light of the foregoing principles, we will add an explicit knowledge requirement to the condition regarding consumption and possession of drugs. We will not modify the condition regarding possession of firearms and ammunition, which is not susceptible to unwitting violation.

## DISPOSITION

The probation condition regarding possession and consumption of drugs is modified to state: "You shall not knowingly possess or consume illegal drugs." As so modified, the judgment is affirmed.

3

_____

RUSHING, P.J.

I CONCUR:


_____

ELIA, J.

4

Grover, J.

I respectfully dissent. In my view, the general principle that a probation violation must be shown to be willful adequately protects probationers from revocation for unwittingly possessing a prohibited item. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578 (*Rodriguez*); *People v. Moore* (2012) 211 Cal.App.4th 1179; *People v. Cervantes* (2009) 175 Cal.App.4th 291.) Further, the proscription challenged here, that defendant "not possess or consume illegal drugs," is not impermissibly vague as to the nature of the prohibited items, any more than are penal statutes prohibiting possession of various controlled substances. (See, e.g., Health & Saf. Code, § 11000 et seq.) "Case law has construed these statutes as including implicit knowledge elements." (*Rodriguez* at p. 593.)

I echo the view expressed by the Attorney General in this case: To modify the order such that defendant is to refrain from "knowingly" possessing or consuming illegal drugs "would achieve nothing except to encourage similar appellate claims by other probationers. [Defendant's] probation conditions are clear and understandable, and the law does not permit a probation violation to be based on inadvertent or unwitting conduct. Thus, there is no need to modify the conditions on appeal."

1

_____

Grover, J.