Filed 10/10/25  In re N.B. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re N.B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>N.B.,<br><br>    Defendant and Appellant. | D084996<br><br>(Super. Ct. No. J246062) |

APPEAL from an order of the Superior Court of San Diego County, Tilisha T. Martin, Judge.  Affirmed.

Stephanie L. Gunther, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alana Cohen Butler and Amanda Lloyd, Deputy Attorneys General for Plaintiff and Respondent.

1

N.B., a juvenile, appeals a probation condition imposed by the juvenile court after his admission at disposition, on grounds that the condition is unconstitutionally vague and overbroad.  We conclude that the probation condition is neither unconstitutionally vague nor overbroad, and we accordingly affirm.

FACTUAL AND PROCEDURAL BACKGROUND

N.B. admitted to felony assault, and the juvenile court placed N.B. on probation.  (Pen. Code, § 245, subd. (a)(1).)  The juvenile court found N.B. had made a knowing, intelligent, and voluntary waiver of his constitutional rights, adjudged him as a ward of the court, and imposed a list of probation conditions.

At disposition, defense counsel objected to a condition extending N.B.'s Fourth Amendment waiver to permit law enforcement to search N.B.'s electronic devices.  Defense counsel did not, however, object to any other condition, including one requiring N.B. to "not use, sell or possess alcohol, drugs, drug paraphernalia, harmful intoxicants, non-prescribed medications, or any type of mind-altering substances."

Defense counsel timely filed a notice of appeal which appealed the September 24, 2024, disposition hearing order which extended N.B.'s Fourth Amendment waiver to his electronic devices.  The notice does not expressly list the condition prohibiting use or possession of non-prescribed medications.  Despite this, N.B.'s briefs solely challenge the condition requiring him to "not use, sell or possess . . . non-prescribed medications" (hereafter "the condition").

DISCUSSION[1]

Although N.B. did not list the condition in his notice of appeal, a "notice of appeal must be liberally construed" and "is sufficient if it identifies the particular judgment or order being appealed." (Cal. Rules of Court, rule 8.100(a)(2); *In re Joshua S.* (2007) 41 Cal.4th 261, 272.)

Liberally construing the notice of appeal, the language identifies the dispositional order from September 24, 2024, in which the court imposed the condition. Accordingly, the notice of appeal provides sufficient notice of the appealed order.

N.B. argues the condition is unconstitutionally vague and overbroad, and additionally that the condition is invalid under the standard set forth in *People v. Lent* (1975) 15 Cal.3d 481 (*Lent*). He further submits that defense counsel's failure to object to the condition was unreasonable and amounted to ineffective assistance of counsel.

A. *Standard of Review*

"On appeal, we 'review conditions of probation for abuse of discretion.' " (*In re Ricardo P.* (2019) 7 Cal.5th 1113, 1118 (*Ricardo P.*).) However, "We apply de novo review to evaluate constitutional challenges to probation conditions." (*In re I.V.* (2017) 11 Cal.App.5th 249, 261 (*I.V.*).)

B. *N.B. Did Not Forfeit his Constitutional Challenges to the Condition*

Generally, "the forfeiture rule applies in the context of sentencing as in other areas of criminal law." Under this rule, criminal defendants failing to challenge an order in the trial court forfeit the right to appeal that order.

---

[1] On appeal, N.B. did not assert the juvenile court erred in extending N.B.'s Fourth Amendment waiver to electronic devices. By failing to argue the Fourth Amendment waiver issue on appeal, N.B. forfeited any challenge to this issue. (*People v. Freetown Holdings Co.* (2024) 100 Cal.App.5th 1195, 1218; *Tisher v. California Horse Racing Bd.* (1991) 231 Cal.App.3d 349, 361.)

(*In re Sheena K.* (2007) 40 Cal.4th 875, 880–881 (*Sheena K.*).) However, an exception to this rule exists for constitutional challenges to probation conditions presenting pure questions of law that are "easily remediable on appeal by modification of the condition." (*Id.* at p. 888.) Appellate courts may "review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record." (*People v. Barajas* (2011) 198 Cal.App.4th 748, 753 (*Barajas*); *cf. I.V., supra*, 11 Cal.App.5th at pp. 260–261 [probationer "forfeited his overbreadth claim by failing to object in the juvenile court," since addressing the claim required review of the record to assess the appropriateness of the condition's tailoring].)

N.B. did not challenge the condition at the disposition hearing. However, he does not forfeit unconstitutional vagueness and overbreadth challenges since these issues are disposable here solely by reference to the condition's text, thus presenting a pure question of law. Accordingly, we reach the constitutional challenges' merits.

C. *The Condition is Not Unconstitutionally Vague*

N.B. argues the condition is unconstitutionally vague, and that the literal reading of it renders it unconstitutionally overbroad in prohibiting noncriminal conduct. We disagree.

N.B. claims the purported vagueness of the condition harms his rights " 'embodied in the due process clauses of the federal and California Constitutions.' " (*Sheena K., supra*, 40 Cal.4th at p. 890.) These rights bar enforcement of a law which fails to adequately notify potential offenders of the conduct it requires, being " 'so vague that [people] of common intelligence must necessarily guess at its meaning and differ as to its application.' " (*Ibid.* [quoting *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1115].)

4

The vagueness doctrine requires probation conditions to "be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated." (*Sheena K., supra*, 40 Cal.4th at p. 890.) This doctrine does not require " 'absolute clarity' in the text of the condition itself," but only " 'a reasonable degree of certainty.' " (*People v. Hall* (2017) 2 Cal.5th 494, 503 (*Hall*).) Additionally, courts analyze the "reasonable specificity" of probation conditions as they apply in their specific context. (*Sheena K., supra*, 40 Cal.4th at p. 890.) Lastly, "[a] probation condition survives a vagueness challenge if it can be given any reasonable and practical construction." (*I.V., supra*, 11 Cal.App.5th at p. 261 [citing *Hall, supra*, at p. 501]; *People v. Olguin* (2008) 45 Cal.4th 375 ["A probation condition should be given 'the meaning that would appear to a reasonable, objective reader."].)

In *Sheena K.*, our high court considered whether a juvenile's probation condition requiring the minor to not associate with anyone "disapproved of by probation" was unconstitutionally vague. (*Sheena K., supra*, 40 Cal.4th at p. 878.) Reasoning the condition did not adequately notify the minor of whom she must avoid, the court found the condition unconstitutionally vague, and affirmed the appellate court's modification, which interposed an express knowledge requirement that the minor not "associate with anyone 'known to be disapproved of' by a probation officer . . . ." (*Id.* at p. 892.)

No ambiguity exists in the text of the condition here. Even when reading the text and construing it literally as N.B. does, in which it prohibits the use and possession of over-the-counter medications, this sufficiently notifies N.B. of what the condition requires—which is that he not use or possess nonprescribed medication, including over-the-counter medications.

5

We do not interpret the text of this condition literally, however, but analyze it in the specific context. (*Sheena K., supra*, 40 Cal.4th at p. 890.) Contextually, the condition prohibits N.B.'s use or possession of "alcohol, drugs, drug paraphernalia, harmful intoxicants, . . . or any type of mind-altering substances." Thus, the purpose of the condition is prohibiting N.B.'s use of harmful drugs and alcohol and not stopping N.B. from possessing over-the-counter medication.

Since the purpose of the condition is to prevent N.B.'s use of harmful drugs and alcohol, the reasonable and practical interpretation of the condition is that it only prohibits the possession and use of prescription medications for which he does not hold a valid prescription; it does not prohibit N.B.'s use of over-the-counter medications.

Because we can give the condition a reasonable and practical construction, and under this construction it sufficiently notifies N.B. of its required conduct, we conclude the condition is not unconstitutionally vague.[2]

D. *The Condition is Not Unconstitutionally Overbroad*

N.B. further challenges the condition as unconstitutionally overbroad, arguing it implicates a constitutional right to use legal substances, such as over-the-counter medication. As we discuss above, we do not interpret the condition literally and instead apply a reasonable and practical interpretation which only prohibits N.B.'s possession and use of prescription medications for which he does not hold a valid prescription.

---

[2] Any actions taken under the condition's reasonable and practical construction, i.e., possessing or using over-the-counter medications, therefore would not violate the condition for lack of willfulness. (See *Hall, supra*, 2 Cal.5th at p. 501 [California case law articulates "a general presumption that a violation of a probation condition must be willful, but also specifically provides that probation conditions barring possession of contraband should be construed to require knowledge of its presence and its restricted nature."].)

A probation condition imposing "limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad." (*Sheena K., supra*, 40 Cal.4th at p. 890.)

Here, the tailoring of the reasonable and practical interpretation of the condition is sufficiently narrow, since it prevents only conduct which is already illegal—this conduct being N.B.'s use or possession of medication that requires a prescription for which he does not have a valid prescription. (Health & Saf. Code, § 11350, subd. (e).) This condition is not overbroad as probation conditions already carry an "implicit condition to obey all laws." (*Hall, supra*, 2 Cal.5th at p. 502.)

Because the reasonable and practical interpretation of the condition only prohibits illegal conduct and does not implicate N.B.'s constitutional rights, we conclude it is not unconstitutionally overbroad.

E. *N.B. Forfeited All Challenges to the Condition's Reasonableness*

N.B. contends that aside from his constitutional arguments, the condition is invalid under the test applied in *Lent, supra*, 15 Cal.3d 481. However, "*Lent* is an interpretation of the Legislature's requirement that probation conditions be 'reasonable.' " (*Ricardo P., supra*, 7 Cal.5th at p. 1128.) As N.B. acknowledges, "[a] Court of Appeal will review the reasonableness of a probation condition only if the probationer has questioned it in the trial court." (*Barajas, supra*, 198 Cal.App.4th at p. 753.)

Defense counsel did not question the condition at N.B.'s dispositional hearing on *Lent* or any other grounds. Accordingly, N.B. forfeited this claim, and we do not reach its merits. (*People v. Welch* (1993) 5 Cal.4th 228, 237 ["failure to timely challenge a probation condition on '*Bushman/Lent*' grounds in the trial court waives the claim on appeal"].)

7

F. *We Reject N.B.'s Claim of Ineffective Assistance of Counsel*

N.B. contends defense counsel unreasonably failed to object to the condition. We disagree.

Our high court has repeatedly emphasized " 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' " (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266; *see People v. Kelly* (1992) 1 Cal.4th 495, 540 (dicta) ["the failure to object rarely establishes ineffectiveness of counsel"].)

The record sheds no light on why defense counsel did not object to the condition. Additionally, there is a simple and satisfactory explanation for this—defense counsel reasonably and practically interpreted the condition, just as we do, to only prohibit N.B. from possessing or using prescription medications he does not hold a prescription for.

Because the record lacks insight on why defense counsel did not object to the condition, and a satisfactory explanation for this is readily available, we must, as a matter of law, reject this claim on appeal.

## DISPOSITION

We affirm the order.

KELETY, J.

WE CONCUR:


O'ROURKE, Acting P. J.


HUFFMAN, J.*

---

*      Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

9