Filed 10/17/13  P. v. Pineda CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN PINEDA,<br><br>    Defendant and Appellant. | H038570<br>(Santa Clara County<br>Super. Ct. No. C1093365) |

Defendant Juan Pineda appeals from an order modifying the conditions of his probation to include gang orders.  Defendant contends:  (1) he was denied procedural due process when the trial court denied his request to hold a hearing; (2) two of the probation conditions are unconstitutionally vague and overbroad; and (3) trial counsel rendered ineffective assistance by failing to challenge as unreasonable one of the probation conditions.  We conclude that two of the probation conditions must be modified.  As modified, the order is affirmed.

## I.  Factual and Procedural Background

In November 2010, the police arrested defendant, who was driving a stolen vehicle.  Both he and his codefendant were in possession of shaved keys.  Defendant was also on juvenile probation for multiple charges.

In December 2010, defendant pleaded no contest to theft or unauthorized use of a vehicle (Veh. Code, § 10851, subd. (a)), receiving stolen property (Pen. Code, § 496, subd. (a)), and possession of burglary tools (Pen. Code, § 466). About a month later, the trial court suspended imposition of sentence and placed defendant on probation for three years on condition that he serve 120 days in county jail.

On May 12, 2011, the probation department filed a petition for modification of probation. The petition alleged that defendant failed to report to the probation department, failed to appear for a scheduled appointment, failed to make himself available for search, failed to provide verification of education, vocational training, or employment, and had been charged with misdemeanor violations of Penal Code section 653k (possession of a switchblade) and Penal Code section 466 (possession of burglary tools). On the same day, defendant admitted the probation violation allegations. The trial court ordered defendant reinstated on probation under the original terms and conditions and that he serve six months in county jail.

About a year later, the probation officer filed a memorandum in which he recommended, among other things, that the conditions of probation be modified to include gang orders. On the same day, a hearing was held on the recommendation. At defendant's request, the matter was continued for two weeks.

On July 5, 2012, the probation officer filed a second memorandum and recommended that the trial court modify defendant's probation conditions to include gang orders. Following argument, the trial court granted the request. After the trial court ruled on the request, defendant requested a hearing which the trial court denied.

Defendant then filed timely notice of appeal.

## II. Discussion

### A. Procedural Due Process

Defendant contends that he was denied procedural due process when the trial court refused to hold a hearing regarding the modification of his probation conditions.

The trial court modified defendant's probation by adding the following gang orders: "The Court is going to order in this case you are not to possess, wear, or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandana, jacket, or any other article of clothing that you know or the probation officer informs you is evidence of affiliation with or membership in a criminal street gang. [¶] You are not to associate with any person you know to be on probation or the probation officer informs you is a member of the criminal street gang. [¶] You are not to visit or remain in any specific location which you know to be or which the probation officer informs you is an area of criminal street gang-related activity. [¶] You are not to be adjacent to any school campus during school hours, unless you are enrolled or have prior permission of the school administration or probation. [¶] You are not to be present at any court proceeding where you know or the probation officer informs you that a member of a criminal street gang is present, or that proceeding concerns a member of a criminal street gang, unless you are a party, you are a defendant in a criminal action, you are subpoenaed as a witness, or you have prior permission of your probation officer. [¶] You shall not obtain any new gang-related tattoos."

Defendant argues that this court should vacate the gang orders and remand the case to the trial court for a hearing. We disagree.

The trial court is authorized to revoke or modify a term of probation at any time prior to the expiration of that term. (Pen. Code, § 1203.3, subd. (a).) "Before any sentence or term or condition of probation or condition of mandatory supervision is modified, a hearing shall be held in open court before the judge." (Pen. Code, § 1203.3,

3

subd. (b)(1).)  Due process requires " ' " " 'notice reasonably calculated to apprise interested parties of the pendency of the action affecting their property interest and an opportunity to present their objections.  [Citation.]' " " ' "  (*People v. Minor* (2010) 189 Cal.App.4th 1, 20.)

On June 21, 2012, the probation department recommended that the trial court modify defendant's conditions of probation to include gang orders.  The probation officer submitted a memorandum in which he stated that defendant was then being supervised in the High Risk Offender Unit due to his past and current criminal behavior and gang association.  The probation officer had conducted a home verification check about a month earlier and found Sureno gang-related clothing in defendant's room.  Defendant also owned a pit bull named "Blue" and had various gang-related tattoos.  Based on his training and experience, the probation officer opined that defendant was affiliated with the Tami Lee Sureno gang or with the Sur Santos gang.  The probation officer also noted that two San Jose police reports indicated that defendant had admitted being a Sureno.  Moreover, defendant had told the probation officer that he reported to his Sureno gang on Sundays and "indicated that if he did not report or wanted out of the gang, it would cost him his life."  The probation officer recommended that defendant's probation conditions be modified to include gang orders to allow the probation officer to "better supervise the defendant and [ ] assist him in disassociating himself from known gang members so he can become a law abiding and productive citizen in society."

On the same day, the trial court held a hearing on the request to modify the probation conditions.  Defense counsel requested that the matter be taken off calendar. He noted that defendant had removed his gang-related clothing from his room and gotten rid of his dog.  He also argued that defendant wanted "an opportunity to work with his probation officer and allow the probation officer to verify his efforts to extricate himself in an expeditious and safe manner" and, if "things [were] not working out that way,"

4

defendant "would like to re-visit the request to impose gang conditions." The prosecutor indicated that she wanted to continue with the modification of the probation conditions, and noted that defendant had a new tattoo and had admitted his association with a Sureno gang. The trial court asked whether defendant's tattoo was gang-related and whether he had obtained the tattoo after he was placed on probation. The prosecution stated that the tattoo was gang-related and defense counsel said that defendant had the tattoos since he was a juvenile. Defense counsel then requested that the matter be continued in order for the court to review the probation report from the initial grant of probation to determine whether the underlying offense had any indicia of gang involvement. The matter was continued for two weeks to allow the trial court to obtain the original probation report and a memorandum indicating whether it would be appropriate to modify defendant's probation conditions with gang orders.

On July 5, 2012, the probation officer filed a memorandum in which he noted that he had observed a gang-related tattoo on defendant's chest on May 8, 2012, which had not been documented when defendant was originally arrested. The probation officer stated that the underlying offense was not gang-related. However, he also stated that, at the time of their arrest, the codefendant admitted that he was a member of a Sureno gang and defendant admitted that he associated with the Sureno gang. Moreover, the defendant had not denied his association with the Sureno gang to the probation officer.

On the same day, the trial court held a hearing. Defense counsel objected to the request to modify the probation conditions and asked that they not be imposed. Referring to the most recent memorandum, she argued that the codefendant's statements that were made during booking were taken in violation of *Miranda*.[1] She also asserted, "I don't believe that is a case where the original offense has gang terms." The prosecutor argued that defendant had obtained a new gang-related tattoo and continued to associate with a

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436.

5

Sureno gang.  After hearing argument, the trial court stated that the issue was whether the gang conditions were related to the offense for which defendant was convicted.  The trial court granted the request, noting that "when we have an acknowledged gang member, that there should be steps taken to get him out of the gang and to get him to lead a lawful life."

After the trial court ruled, the following exchange occurred:  "[DEFENSE CONSEL:]   Your Honor, I would ask for a hearing if the Court is inclined to grant the request.  [¶]  THE COURT:  You could -- I'm going to make the order now.  There was no request for a hearing.  You started the proceeding.  I'm making an order.  You have relief from the court order if you think it's appropriate by way of which you want to do, by way of further appellate review, writ, and whatever.  We're not going to stop after I make my decision to now say you want a hearing when you didn't request a hearing.  [¶] And so the court order is in this case that the gang conditions be approved by the Court. The Court finds it to be reasonable and proper in view of the reasons stated.  Do you have specific language for that order?  [¶]  [THE PROSECUTOR:]  Yes, Your Honor.  Could I approach?  [¶]  THE COURT:  Yes.  [¶]  [DEFENSE COUNSEL:]  With all due respect, I apologize procedurally for not asking for a hearing in the beginning.  I certainly would, however, if I thought it was necessary before the Court made a ruling, but I believe [defendant] has a right to a hearing.  We're contesting this and we're objecting to these terms, and I ask that he be granted a hearing.  [Defendant] is living a life away from the gang life.  He has -- I think he would make a very good witness on his own behalf, and he has a right to a hearing.  [¶]  I renew that request at this time.  I do apologize to the Court for not procedurally asking for that in a proper manner.  [¶]  THE COURT:  The request is denied."

Based on this record, there was no violation of defendant's procedural due process rights.  Defendant received notice of the probation department's request to modify his

probation conditions to include gang orders and the reasons for this request. At the hearing on June 21, 2012, defense counsel argued against modification of the probation conditions and requested a continuance, which was granted. At the hearing that was held two weeks later, defense counsel objected to the probation department's request and argued against the modification of the conditions. Defense counsel did not request to present evidence to support the defense position at either hearing. It was only after the trial court stated that it was going to grant the request that defense counsel requested a hearing at which defendant could testify. Given that two hearings on the request for modification had already been held, defendant was not entitled to an additional hearing. Under these circumstances, defendant was given adequate notice and a meaningful opportunity to be heard.

### B. Probation Conditions

Defendant also contends that the gang condition prohibiting him from possessing gang-related articles of clothing is unconstitutionally vague and overbroad.

"In granting probation, courts have broad discretion to impose conditions to foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121.) However, probation conditions may be challenged on the grounds of unconstitutional vagueness and overbreadth. (*People v. Lopez* (1998) 66 Cal.App.4th 615, 630.) Although defendant failed to object on constitutional grounds to this gang condition, we may consider his facial, constitutional challenge because it presents purely a question of law. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888 (*Sheena K.*).) Accordingly, our review of this probation condition is de novo. (*Id.* at p. 889.)

In examining whether a probation condition is void for vagueness, courts have considered whether the condition is " 'sufficiently precise for the probationer to know

7

what is required of him [or her] . . . .'" (*Sheena K.*, *supra*, 40 Cal.4th 875, 890, quoting *People v. Reinertson* (1986) 178 Cal.App.3d 320, 324-325.) "[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.'" (*Sheena K.*, at p. 890.)

The overbreadth doctrine focuses on other, though related, concerns. Under this doctrine, "'"a governmental purpose to control or prevent activities constitutionally subject to state regulation may not be achieved by means which sweep unnecessarily broadly and thereby invade the area of protected freedoms."' [Citations.]" (*In re Englebrecht* (1998) 67 Cal.App.4th 486, 497.) "'A law's overbreadth represents the failure of draftsmen to focus narrowly on tangible harms sought to be avoided, with the result that in some applications the law burdens activity which does not raise a sufficiently high probability of harm to governmental interests to justify the interference.' [Citation.]" (*Ibid.*)

Defendant argues that this condition is vague and overbroad because it prohibits unwitting or involuntary possession of gang-related clothing. He asserts that another person could ask him to hold a backpack containing such items without him knowing the contents of the backpack or someone could leave gang-related clothing in his car or home without his knowledge. Thus, he claims that this condition must be stricken or modified to require that he not knowingly possess gang-related articles of clothing. We agree. Since defendant could violate this probation condition without realizing it, we will modify the condition to include the word "knowingly" as set forth in the disposition.

Defendant also challenges the school campus stay away condition as unconstitutional. This condition states: "You are not to be adjacent to any school campus during school hours, unless you are enrolled or have prior permission of the school administration or probation." He focuses on the word "adjacent" and asserts that the condition fails to "provide adequate notice of what conduct is prohibited." He further claims the condition "impermissibly compromises his freedom of travel, as it forbids him

8

to so much as ride by a school campus in a bus or car if the street upon which he is traveling runs along a school campus."  The People concede that this condition requires modification.

In *People v. Barajas* (2011) 198 Cal.App.4th 748, this court concluded that the word "adjacent" in a probation condition prohibiting the defendant from being " 'adjacent to any school campus during school' " hours rendered the condition impermissibly vague. (*Id.* at p. 760.)  "At a sufficient distance, most reasonable people would agree that items are no longer adjacent," *Barajas* explained, "but where to draw the line in the continuum from adjacent to distant is subject to the interpretation of every individual probation officer charged with enforcing th[e] condition."  (*Id.* at p. 761.)  In *Barajas*, the Attorney General proposed, and this court agreed, that the condition should be modified to state: " 'Do not knowingly be on or within 50 feet of a school campus during school hours unless enrolled or with prior administrative permission or prior permission of the probation officer.' "  (*Id.* at p. 761, fn. omitted.)  The Attorney General has no objection to the identical modification to the same condition in the present case.

The defendant in *Barajas* also argued that the modification still made it " 'a possible violation to drive down a street that is adjacent to a school, or to walk past a school on the way to another location' or 'simply by being in a structure that happened to be adjacent to a school, such as a church with an adjacent parochial school.' "  (*Barajas*, *supra*, 198 Cal.App.4th at p. 762.)  This court rejected the argument and stated: "Defendant's thesis seems to be that a probation condition restricting constitutional rights must be stated so exactly as to preclude any possibility of misinterpretation or misapplication.  This is more than the law and reason require.  [¶]  The 'prohibition against excessive vagueness does not invalidate every statute which a reviewing court believes could have been drafted with greater precision.  Many statutes will have some inherent vagueness, for "[i]n most English words and phrases there lurk uncertainties."

9

[Citation.]  Even trained lawyers may find it necessary to consult legal dictionaries, treatises, and judicial opinions before they may say with any certainty what some statutes may compel or forbid.  [Citations.]  All the Due Process Clause requires is that the law give sufficient warning that [probationers] may conduct themselves so as to avoid that which is forbidden.'  [Citation.]  [¶]  'In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that "abstract legal commands must be applied in a specific *context*," and that, although not admitting of "mathematical certainty," the language used must have "'*reasonable* specificity.'" [Citation.]'  [Citation.]"  (*Ibid.*)  Accordingly, we will modify the condition as this court did in *Barajas*.

Defendant also contends that the school stay-away condition is not reasonably related to his offenses and must be stricken.

"We review conditions of probation for abuse of discretion.  [Citations.] Generally, '[a] condition of probation will not be held invalid unless it "(1) has no relationship to the crime of which the offender was convicted, (2) relates to conduct which is not in itself criminal, and (3) requires or forbids conduct which is not reasonably related to future criminality . . . ."  [Citation.]'  [Citation.]  This test is conjunctive—all three prongs must be satisfied before a reviewing court will invalidate a probation term. [Citations.]  As such, even if a condition of probation has no relationship to the crime of which a defendant was convicted and involves conduct that is not itself criminal, the condition is valid as long as the condition is reasonably related to preventing future criminality.  [Citation.]"  (*People v. Olguin* (2008) 45 Cal.4th 375, 379-380.)  This type of challenge to a probation condition is forfeited unless the defendant challenged the ruling in the trial court.  (*Sheena K.*, *supra*, 40 Cal.4th at pp. 881-882, 885.)

10

Defendant acknowledges that the reasonableness of this probation condition was not raised in the trial court and thus contends that trial counsel rendered ineffective assistance of counsel. We disagree.

"To prevail on a claim of ineffective assistance of counsel, a defendant must show both that counsel's performance was deficient and that the deficient performance prejudiced the defense. [Citations.] Counsel's performance was deficient if the representation fell below an objective standard of reasonableness under prevailing professional norms. [Citation.]" (*People v. Benavides* (2005) 35 Cal.4th 69, 92-93, citing *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 693-694.) However, "'[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation,' the claim on appeal must be rejected." (*People v. Wilson* (1992) 3 Cal.4th 926, 936.)

Here, trial counsel could have had a rational tactical explanation for failing to object to the school stay-away condition. Trial counsel could have reasonably determined that any objection would have failed and counsel's performance does not fall below prevailing professional norms when he or she fails to make an objection without merit. (*People v. Lewis* (1990) 50 Cal.3d 262, 289.) Though this condition has no relationship to the crime of which defendant was convicted and it relates to conduct which is not itself criminal, it is reasonably related to future criminality. The probation report indicated that defendant, who was 18 years old when the underlying offenses were committed, had previously been on juvenile probation with gang orders. Given his relative youth and that he had been recently affiliated with gang members as a juvenile, the trial court and counsel could have reasonably concluded that defendant continued to associate with gang members and gang associates who were still attending school and

11

that the school stay-away condition would assist him in disassociating himself from these individuals.  Thus, trial counsel did not render ineffective assistance of counsel.

### III.    Disposition

The order is modified to state:  "You are not to knowingly possess, wear, or display any clothing or insignia, tattoo, emblem, button, badge, cap, hat, scarf, bandana, jacket, or any other article of clothing that you know or the probation officer informs you is evidence of affiliation with or membership in a criminal street gang."  It is also modified to state:  "You are not to knowingly be on or within 50 feet of a school campus during school hours unless you are enrolled or have prior permission of the school administration or probation officer."  As modified, the order is affirmed.

_____
Mihara, J.

I CONCUR:

_____
Premo, Acting P. J.

Grover, J., Concurring

I write separately to address the modifications to the two challenged probation conditions addressed in sections II.B. and III. of the majority opinion.

As to the condition prohibiting possession of known gang-related items, it is my view that knowing possession of such items is implied and need not be explicit in such a condition. Here, the trial court fashioned the condition to include an express scienter requirement regarding the *nature* of the prohibited items. Regarding the *possession* of those items, however, I believe probation conditions should be interpreted in the same fashion as penal statutes, which almost universally contain an implied rather than express knowledge requirement concerning the element of possession. That view notwithstanding, I am able to concur in the modification in light of evolving precedent on the issue. (*Cf., People v. Kim* (2011) 193 Cal.App.4th 836; *see*, *People v. Patel* (2012) 196 Cal.App.4th 956.)

As to the condition prohibiting presence on school grounds, the parties appear to agree that specifying a 50 foot stay away distance would cure vagueness concerns. I note that in *People v. Barajas* (2011) 198 Cal.App.4th 748, cited by the majority, this court specifically refuted any intention that 50 feet be a constitutional threshold, and recognized that "other modifications may equally solve the problem" such as different descriptions of distance, proximity, or mapped location. (*Id.* at p. 762, fn. 10.) In my view, the trial court is in the better position to identify the appropriate distance or other descriptor in light of any fact-specific issues not reflected in the record provided for our review, such as where defendant may live or work in relation to the boundaries of any school campus. I recognize, however, that remanding the case for that determination would consume scarce trial court resources. I am able to concur in the modification

because the trial court will retain the ability under Penal Code section 1203.3 to modify the distance specified by the majority.

_____

Grover, J.