Filed 5/20/14  In re A.L. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re A.L., a Person Coming Under the Juvenile Court Law. | H039489 (Monterey County Super. Ct. No. J45556) |
| THE PEOPLE, Plaintiff and Respondent, v. A.L., Defendant and Appellant. | |

A.L. was adjudged a ward of the juvenile court following contested hearings.  (See Welf. & Inst. Code, § 602.)  On appeal from the juvenile court's dispositional order, he contends that two of his conditions of probation are unconstitutionally vague and overbroad.  We modify the dispositional order as discussed below and affirm the order as modified.

## I.     BACKGROUND

A juvenile wardship petition was filed against A.L. on December 20, 2012.  The petition alleged that A.L. had committed two felonies--robbery in violation of Penal Code section 211 and battery resulting in the infliction of serious bodily injury in violation of Penal Code section 243, subdivision (d).  On February 7, 2013, the district attorney filed an amended wardship petition.  In addition to armed robbery and battery, the amended wardship petition charged A.L. with a third felony--assault by means of force likely to

produce great bodily injury in violation of Penal Code section 245, subdivision (a)(4). All of the charges arose from an incident in which A.L. and a friend beat up a man and stole his wallet.

A.L. denied all of the charges. On March 15, 2013, following a two-day contested jurisdiction hearing, the court found all three allegations to be true and sustained the amended petition. The defense successfully moved to reduce the violation of Penal Code section 245, subdivision (a)(4) to a misdemeanor.

On March 29, 2013, the court declared A.L. a ward of the juvenile court and committed him to the Monterey County Youth Center for one year. The court imposed 36 probation conditions. Condition No. 12 requires A.L. "not to have direct or indirect contact with [the] victim . . . [and to s]tay at least 100 yards away from the victim, victim's residence, vehicle, school, and place of employment." Condition No. 27 requires that A.L. "not be on any school campus or within a one block radius of any school campus unless enrolled or with prior administrative permission from school authorities."

A.L. filed a timely notice of appeal on April 2, 2013.

## II. DISCUSSION

On appeal, A.L. raises constitutional challenges to probation conditions No. 12 and No. 27. He did not object to either condition in the juvenile court.

A court of appeal may review the constitutionality of a probation condition, even when it has not been challenged in the trial court, if the question can be resolved as a matter of law without reference to the sentencing record. (*In re Sheena K.* (2007) 40 Cal.4th 875, 888-889.) Thus, we can consider facial challenges to the constitutionality of probation conditions not objected to below, as such challenges "do[] not require scrutiny of individual facts and circumstances but instead require[] the review of abstract and generalized legal concepts." (*Id.* at p. 885.) Our review is de novo. (*In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1143.)

2

### A. *Probation Condition No. 12*

A.L. maintains that condition No. 12, requiring him to stay away from the victim and the victim's family, is vague absent an express knowledge requirement. He requests that we modify the condition to prohibit him from *knowingly* coming within 100 yards of the victim, victim's residence, vehicle, school, and place of employment.

Condition No. 12 provides in full: "You are not to have direct or indirect contact with [the] victim . . . or anyone known to you to be a member of the victim's family. Stay at least 100 yards away from the victim, victim's residence, vehicle, school, and place of employment."

"[T]he underpinning of a vagueness challenge is the due process concept of 'fair warning.' " (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) "A probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a challenge on the ground of vagueness." (*Ibid.*) That is, the defendant must know in advance when he may be in violation of the condition. "[T]he law has no legitimate interest in punishing an innocent citizen who has no knowledge of the presence of a [prohibited item]." (*People v. Freitas* (2009) 179 Cal.App.4th 747, 752 [modifying probation condition to prohibit knowing possession of a firearm or ammunition].) Accordingly, courts have consistently ordered modification of probation conditions to incorporate a scienter requirement where a probationer could unknowingly engage in the prohibited activity. (*In re Victor L.* (2010) 182 Cal.App.4th 902, 912-913 [modifying probation condition to prohibit knowing presence of weapons or ammunition]; *In re Justin S.* (2001) 93 Cal.App.4th 811, 816 [modifying prohibition on association with gang members to prohibit association with known gang members]; *In re Kacy S.* (1998) 68 Cal.App.4th 704, 713 [modifying probation condition that defendant not associate with any persons not approved by his probation officer]; *People v. Lopez* (1998) 66 Cal.App.4th 615, 629 [modifying probation on displaying gang-related indicia].)

It is possible that A.L. could come within 100 yards of the victim without knowing it.  Therefore, we will modify this probation condition by adding an express scienter requirement.  (*People v. Rodriguez* (2013) 222 Cal.App.4th 578.)

### B.    *Probation Condition No. 27*

A.L. argues that condition No. 27 is vague in terms of when it applies and as to the meaning of the words "campus" and "block."  He also contends the condition is overbroad because it impinges on his due process rights to travel and loiter for innocent purposes.  A.L. requests that we strike condition No. 27 or modify it.  He suggests two possible sets of modifications:  (1) the condition be modified to prohibit only actual entry onto a school campus; or (2) the one-block radius limitation be expressed in feet, the condition be restricted to hours when school is in session, and he be permitted to pass by a school on his way to another location.  A.L. further requests that any modification also include an explicit knowledge requirement.

Condition No. 27 provides in full:  "You shall not be on any school campus or within a one block radius of any school campus unless enrolled or with prior administrative permission from school authorities."

#### 1.    *Vagueness*

We begin with A.L.'s contention that the word "campus" in condition No. 27 is vague.  According to A.L., it is unclear whether the term refers only to academic campuses or to business park and other non-academic campuses as well.  A.L.'s contention is based on a misreading of condition No. 27 in which the term "campus" is not modified by the word "school."  In fact, condition No. 27 refers twice to "any *school* campus."  As a result, the condition is sufficiently precise to apprise A.L. of what is required--namely, that he stay away from school campuses.  (*People v. Barajas* (2011) 198 Cal.App.4th 748, 763 (*Barajas*) [approving modified probation condition requiring that defendant not knowingly be within 50 feet of " 'any school campus' " subject to certain conditions].)

A.L. also contends that condition No. 27's one-block radius requirement is vague because the length of a block may vary by location. While we agree that the length of a block may not be standard across all communities, that does not render the condition impermissibly vague. "In deciding the adequacy of any notice afforded those bound by a legal restriction, we are guided by the principles that 'abstract legal commands must be applied in a specific *context*,' and that, although not admitting of 'mathematical certainty,' the language used must have ' "*reasonable* specificity." ' " (*In re Sheena K.*, *supra*, 40 Cal.4th at p. 890.) In the context of condition No. 27, the term "block" refers to the length of a block in the location of the school campus at issue. Read in that manner, the condition provides an objective standard governing A.L.'s conduct. Indeed, as the People point out, it is generally easier for a person to measure distance in terms of blocks than in feet or yards.

A.L. further asserts that condition No. 27 is unconstitutionally vague as to when it applies (i.e., at all times or only when school is in session). We disagree. Condition No. 27 plainly applies at all times of day and night and during all months of the year.

A.L.'s final vagueness argument is that, absent an express knowledge requirement, he could inadvertently violate condition No. 27. The People dispute the need for an express knowledge requirement, noting that school zones generally are well marked and urging that the condition contains an implicit scienter requirement. We agree "that the locations of most public schools are well marked as required by statutes with speed limit signs (Veh. Code, § 22352, subd. (a)(2)(B)), painted crosswalks labeled 'SCHOOL XING' (Veh. Code, § 21368), federal and state flags (Gov. Code, § 431, subd. (d)), and notices of school hours (Ed. Code, § 32211, subd. (e)), as well as their often distinctive combinations of buildings, playgrounds, and parking lots." (*Barajas*, *supra*, 198 Cal.App.4th at p. 761, fn. 10.) However, in *Barajas* we accepted the Attorney General's suggestion to add an express knowledge requirement to a school stay-away probation condition similar to the one at issue here. Because we agree that A.L. could

5

unintentionally come within a block of a school campus, and to ensure consistency with *Barajas*, we will direct the modification of condition No. 27 to include an express knowledge requirement.

   *2. Overbreadth*

   With respect to overbreadth, A.L. argues that condition No. 27 is constitutionally infirm because it infringes his due process rights to travel and loiter.

   "The right of intrastate travel has been recognized as a basic human right protected by article I, sections 7 and 24 of the California Constitution." (*Tobe v. City of Santa Ana* (1995) 9 Cal.4th 1069, 1100; see also *In re White* (1979) 97 Cal.App.3d 141, 148 ["the right to intrastate travel (which includes intramunicipal travel) is a basic human right protected by the United States and California Constitutions as a whole"].)  There can be no doubt that condition No. 27 imposes limitations on A.L.'s right to travel.  But that alone does not render the condition unconstitutional.  "Inherent in the very nature of probation is that probationers 'do not enjoy "the absolute liberty to which every citizen is entitled." ' [Citations.]  Just as other punishments for criminal convictions curtail an offender's freedoms, a court granting probation may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." (*United States v. Knights* (2001) 534 U.S. 112, 119.)  "[C]onditions infringing on constitutional rights . . . will pass muster if tailored to fit the individual probationer." (*In re Pedro Q.* (1989) 209 Cal.App.3d 1368, 1373.)  Thus, "[t]he essential question in an overbreadth challenge is the closeness of the fit between the legitimate purpose of the restriction and the burden it imposes on the defendant's constitutional rights." (*In re E.O.* (2010) 188 Cal.App.4th 1149, 1153.)

   As noted above, because A.L. did not object below, our review is limited to the facial validity of the condition.  To sustain a facial challenge, A.L. must establish that no set of circumstances exist under which the condition would be valid. (*United States v. Salerno* (1987) 481 U.S. 739, 745.)  A.L. does not even attempt to do so.  Nor could he,

6

as we can envision a situation in which a one-block school stay-away condition would be properly tailored to fit the probationer.  For example, such a condition would be appropriate where the probationer committed an offense at a school and did not live, work, or regularly engage in other legitimate activities within a block of a school.  (See *In re Pedro Q.*, *supra*, 209 Cal.App.3d at p. 1373 [observing that a restriction on travel to gang territory "may be proper for a minor who lives outside the gang's territory, it may be overbroad for one who lives, works or goes to school within the area"]; *In re Antonio R.* (2000) 78 Cal.App.4th 937 [upholding probation condition prohibiting juvenile, who resided in Orange County, from entering Los Angeles County, where his gang was located, unless he was accompanied by a parent or had permission from his probation officer].)  While also we can envision cases in which the one-block school stay-away condition would violate a juvenile's constitutional right to travel, the fact that such a violation is not inevitable in every case defeats A.L.'s facial challenge.

A.L.'s reliance on *In re D.G.* (2010) 187 Cal.App.4th 47 is misplaced.  There, the First District Court of Appeal considered the reasonableness of a condition prohibiting the probationer from being " 'within 150 feet of any campus other than the school in which you are currently enrolled.' "  (*Id*. at p. 51.)  The court found the condition unreasonable, as it did not relate to minor's past crimes in particular, to criminal behavior in general, or to future criminality.  (*Id*. at p. 53.)  In view of Penal Code section 627.2,[1] the court did not strike the condition but rather modified it to state:  " 'Do not enter on the campus or grounds of any school unless enrolled, accompanied by a parent or guardian or responsible adult, or authorized by the permission of school authorities.' "  (*In re D.G.*, *supra*, at p. 57.)  *In re D.G.* is distinguishable because it addressed the condition's

---

[1] Penal Code section 627.2 states in part:  "No outsider shall enter or remain on school grounds during school hours without having registered with the principal or designee, except to proceed expeditiously to the office of the principal or designee for the purpose of registering."

reasonableness under *People v. Lent* (1975) 15 Cal.3d 481, not its constitutionality.  To the extent that A.L. is claiming that condition No. 27 is not reasonably related to his crimes or future criminality, he forfeited that reasonableness challenge by not objecting in the trial court.  (*People v. Welch* (1993) 5 Cal.4th 228, 237.)

**III.    DISPOSITION**

Probation condition No. 12 is modified to read as follows:  "You are not to have direct or indirect contact with the victim . . . or anyone known to you to be a member of the victim's family.  You shall not knowingly be within 100 yards of the victim, victim's residence, vehicle, school, and place of employment."

Probation condition No. 27 is modified to read as follows: "You shall not knowingly be on any school campus or within a one block radius of any school campus unless enrolled or with prior administrative permission from school authorities."

As so modified, the disposition order is affirmed.

_____
Premo, J.

WE CONCUR:


_____
Rushing, P.J.


_____
Márquez, J.

9