Filed 2/24/15  In re K.C. CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| In re K.C., a Person Coming Under the Juvenile Court Law. | H040667<br>(Santa Clara County<br> Super. Ct. No. 3-07-JV32555D) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>            v.<br><br>K.C.,<br><br>        Defendant and Appellant. | |

**INTRODUCTION**

Appellant K.C. challenges several terms and conditions imposed by the juvenile court after discharging him from the Department of Juvenile Justice (DJJ) on supervised reentry.  Modifying several of the challenged conditions, we will affirm the order.

**FACTUAL AND PROCEDURAL BACKGROUND**

*A.  Social and Delinquency Background*

At the time of his underlying commitment offense, K.C. was a member of the "Samoan Bloods" criminal street gang.  He had joined the gang when he was nine years old because several of his family members were gang members.  K.C. had a history of

delinquent behavior.  In 2004, K.C. had two citations for petty theft and soliciting marijuana sales.  In 2006, he was issued a citation for battery against another minor.  In 2007, K.C. robbed and assaulted another minor with a metal bar.  Before that assault, K.C. asked the victim whether he was a Sureño gang member.  Also in 2007, K.C. stole an iPod from a victim and struck him with a rock on the back of his head.  In 2008, K.C. and other individuals robbed a victim using a knife.  After the robbery, the officers searched K.C. and found that he possessed marijuana.

### B. Underlying Offense

On January 21, 2010, K.C., who was 17 years old at the time, punched a victim in the face and demanded that he hand over his phone.  The victim complied and K.C. got into a vehicle and drove away.  An officer later contacted K.C. and searched his bedroom.  The officer found a nunchaku hanging on the bedroom wall.  K.C. admitted that the nunchaku belonged to him.

### C. Commitment at DJJ, Reentry, and Appeal

On August 23, 2010, the juvenile court sustained a petition alleging that K.C. committed felony second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)[1]) and felony possession of a nunchaku (former, § 12020, subd. (a)(1)).  The court ordered K.C. committed to the DJJ.

Three years later on December 20, 2013, the juvenile court discharged K.C. from DJJ and held a reentry disposition hearing.  (Former Welf. & Inst. Code, § 1766, subd. (b).)  The court imposed several terms and conditions of supervised reentry, including some gang conditions.  On January 31, 2014, K.C. filed a timely notice of appeal.  In the notice of appeal, K.C. purports to appeal conditions 15-20.

---

[1] All further statutory references are to the Penal Code, unless otherwise indicated.

2

In his opening brief, K.C. argues that conditions 13, 16, 20, 21, 22 and 32 require modification or elimination on various grounds. After reviewing the record on appeal, this court discovered that there were two distinct documents purporting to set forth the terms and conditions of supervised reentry at issue in this appeal. The first document, entitled "Order of Probation," was signed and filed on December 20, 2013. It listed conditions numbered 1-32. The second document, entitled "Delinquency Court Proceeding Findings and Orders" was undated, unsigned, and unfiled by the juvenile court. It listed conditions numbered 1-23. Notably, the two orders varied in the substance, numbering, combination, and organization of the conditions. Because of these discrepancies, it was unclear which conditions appellant sought to challenge. Therefore, we returned the matter to the juvenile court and ordered it to settle the record as to the final form of the order of probation and the conditions contained therein.

On September 10, 2014, we received the settled statement from the juvenile court. The juvenile court wrote that the second order in the record, entitled "Delinquency Court Proceeding Findings and Orders," listing 23 conditions, was the final form of the order of probation (Final Order). Recognizing that the numbering of the conditions in the Final Order may be inconsistent with the numbers listed in appellant's original notice of appeal and the conditions challenged in his opening brief, we granted the parties an opportunity to file supplemental letter briefs or to seek any additional relief they felt appropriate.

In his letter brief, K.C. withdrew his challenge to the conditions identified as condition 21 and 32 in the document entitled "Order of Probation" (condition 15 in the Final Order), leaving only his challenge to conditions 13, 16, 20, and 22 (conditions 7, 10, 14 and 16 in the Final Order).

**DISCUSSION**

*A. Condition 7*

K.C. challenges condition 7 in the Final Order, which orders him not to "use, possess, or be under the influence of alcohol or any of [*sic*] controlled or illegal substance

3

without the legal right to do so and submit to drug and substance abuse testing as directed by the Probation Officer." K.C. contends that the condition is unconstitutionally vague and overbroad, because it fails to include a knowledge requirement. In *In re Sheena K.* (2007) 40 Cal.4th 875, the California Supreme Court stated that "[a] probation condition that imposes limitations on a person's constitutional rights must closely tailor those limitations to the purpose of the condition to avoid being invalidated as unconstitutionally overbroad. [Citation.]" (*Id*, at p. 890.) In addition, "[a] probation condition 'must be sufficiently precise for the probationer to know what is required of him, and for the court to determine whether the condition has been violated,' if it is to withstand a [constitutional] challenge on the ground of vagueness." (*Ibid*.) The Court held that a condition which did not notify the juvenile offender "in advance with whom she might not associate through any reference to persons whom defendant knew to be disapproved of by her probation officer." was unconstitutionally vague (*Id.* at pp. 891-892.) It further concluded that "modification to impose an explicit knowledge requirement is necessary to render the condition constitutional." (*Id.* at p. 892.) The Attorney General does not object to modifying the condition to include a knowledge requirement. We will modify the conditions accordingly.

K.C. further challenges the condition on the ground that he is now an adult over the age of 21, and has a "legal right" to consume alcohol. He contends that the alcohol restriction condition is vague and overbroad and should be stricken in its entirety. At the time the condition was imposed, K.C. was not yet 21, and did not have the legal right to consume alcohol. At the time it was imposed, the condition was appropriate. Now that he is an adult and has the right to use and possess alcohol, the use and possession terms are properly stricken.

Although the Attorney General recognizes that K.C. is now over 21 and can lawfully consume alcohol, the Attorney General objects to deleting the phrase "under the influence of alcohol" from the condition. The Attorney General argues that even if K.C.

4

can legally consume alcohol, he can still be subject to a condition prohibiting "being under the influence of alcohol." A condition is valid as long as it is reasonably related to preventing future criminality. (*People v. Rodriguez* (2013) 222 Cal.App.4th 578, 590.) Here, the juvenile court recognized that K.C. was not currently abusing drugs or alcohol, but, nevertheless, concluded that the condition was reasonable because K.C.'s past criminality was linked to substance use. The probation report notes that "substance use" was a "[c]ontributing factor to [appellant's] unlawful behavior." Although K.C. can legally use and possess alcohol, placing limitations on use, to the point of being "under the influence" is reasonably related to preventing future criminality.

Nor is the import of this condition ambiguous as K.C. contends. The term "under the influence of alcohol" is well defined in the law and has a meaning distinct from the terms "use" and "possession." "One may be guilty of *being* under the influence . . . by being in that state in any detectable manner: ' "The symptoms of being under the influence . . . are not confined to those commensurate with misbehavior, nor to those which demonstrate impairment of physical or mental ability." ' [Citations.]" (*People v. Canty* (2004) 32 Cal.4th 1266, 1278 (emphasis in original).) Controlling the act of being under the influence of alcohol and not its use and possession makes sense in the context of alcohol because its use is legal. While "use" and "possession" of controlled narcotics is prohibited in California's legislative scheme (see e.g., Pen. Code §11550), those terms are conspicuously absent in legislation directed at the control of alcoholic beverages by adults. (*People v. Gutierrez* (1977) 72 Cal.App.3d 397, 406-407, fn.3.) "The reason for the difference in the language of legislation controlling alcoholic beverages from that controlling narcotic drugs is that in the former it is not unlawful to 'use' or 'consume' alcoholic beverages, except for minors under certain circumstances. It is only unlawful to be 'under the influence of intoxicating liquor' in certain circumstances. (See, e.g., Pen.Code, § 647 [drunk in a public place constitutes disorderly conduct, a misdemeanor]; Veh.Code, § 23102 [misdemeanor drunk driving]; Veh.Code, § 23101 [felony drunk

driving].)" (*People v. Gutierrez, supra,* 72 Cal.App.3d 397, 406-407, fn.3.) The same reasoning and distinction can be applied to K.C.'s terms of probation. Since it is no longer unlawful for K.C. to use or possess alcohol, deleting *use* and *possession* while leaving the proscription against *being under the influence* narrows the condition sufficiently to alleviate any vagueness or over breadth problems. As modified, the condition is sufficiently tailored and narrow to both "foster rehabilitation and to protect public safety pursuant to Penal Code section 1203.1. [Citations.]" (*People v. Carbajal* (1995) 10 Cal.4th 1114, 1120-1121; *People v. Olguin* (2008) 45 Cal.4th 375, 384.)

We will therefore modify the condition as follows: "That said subject not knowingly be under the influence of alcohol. That said subject not knowingly use, possess, or be under the influence of any controlled or illegal substance without the legal right to do so. Said subject will submit to drug and substance abuse testing as directed by the Probation Officer."

### B. Condition 10

Next, K.C. challenges condition 10, which orders him to "attend school, vocational training, or maintain full-time employment if in compliance with the mandates of the California Education Code." K.C. argues that the condition is overbroad because he "may not be able to attend school or maintain full-time employment due to circumstances beyond his control." He argues that the condition infringes upon his constitutional liberty interest and property right to choose whether and under what terms and conditions to work. He points out that the condition requires him to *maintain* employment, but it does not include "the essential qualifier to *seek* available employment." (Italics added.) K.C. proposes that the condition be modified to state that he "must attend school or vocational training, or *seek and maintain* full time employment *as available.*" (Italics added.) The Attorney General contends that the condition is adequate as written, but notes that if this court decides to modify the condition, it would not object to striking the portion of the condition referring to the California Education

6

Code, as K.C. is over the age of 18 and has graduated high school. Additionally, the Attorney General does not object to including the phrase "seek and maintain."

In light of the Attorney General's concession, we will modify the condition as follows: "That said subject must attend school or vocational training, or seek and maintain full-time employment." As modified, we see no error with respect to this condition.

### C. Condition 14

K.C. also challenges condition 14, which orders that he "not be in possession of any drug paraphernalia." K.C. argues that the condition is vague because it does not require that he knowingly possess the prohibited item. As such, K.C. contends that the condition should be modified to include a knowledge requirement. The Attorney General does not object to the addition of a knowledge requirement. Pursuant to our reasoning for modifying probation condition 7 (*ante*), and in light of the Attorney General's concession, we will modify the condition to include an express knowledge requirement.

K.C. further argues that the condition is vague and overbroad because the term "paraphernalia" is not sufficiently defined, and thus, the condition is not understandable to a person of K.C.'s age. He proposes that the term "drug paraphernalia" be replaced with the phrase "any items that you intend to use for using illegal drugs." The Attorney General objects to modifying the term "drug paraphernalia."

We are not persuaded that the term "drug paraphernalia" should be modified. We have no reason to believe that the juvenile court intended the phrase to have anything other than its ordinary, usual, and commonly understood meaning of any item needed for or associated with drug use for other than legitimate medicinal purposes. (See Oxford English Dictionary (Dec. 2014) <http://www.oed.com/view/Entry/137567?redirectedFrom=paraphernalia#eid> (as of Feb. 4, 2015) ["paraphernalia" includes "miscellaneous items needed for or associated with a particular activity"]; Oxford English Dictionary (Dec. 2014) <http://www.oed.com/search?searchType=

7

dictionary&q=drug&_searchBtn=Search> (as of Feb. 4, 2015) ["drug" includes a "substance with intoxicating, stimulant, or narcotic effects used for cultural, recreational, or other non-medicinal purposes"]; *In re R.P.* (2009) 176 Cal.App.4th 562, 566 [probation condition "is sufficiently precise if its terms have a 'plain commonsense meaning, which is well settled' "].)

Accordingly, we will modify condition 14 as follows: "That said subject not knowingly be in possession of any drug paraphernalia."

### D. Condition 16

Lastly, K.C. challenges probation condition 16, which mandates that he "not participate in any gang activity and not visit or remain in any specific location known to him to be, or that the Probation Officer informs him to be, an area of gang-related activity." K.C. contends that the condition is both unconstitutionally vague and overbroad.

K.C. argues that the condition provides insufficient notice of what areas or what activities he must avoid. Specifically, he argues that the condition is vague with respect to the terms "gang activity," "specific location," and "area of gang-related activity." K.C. also argues that the condition is overbroad because it infringes his constitutional right to travel and to associate. Additionally, K.C. points out that the condition includes a constructive knowledge element (i.e. "reason to know" language), which he argues is vague and that a requirement of actual knowledge of the forbidden boundaries and locations is necessary. He urges this court to strike the condition, or alternatively, remand the case to juvenile court to specify exactly what locations and activities are forbidden.

In *People v. Barajas* (2011) 198 Cal.App.4th 748,752 (*Barajas*), this court approved a nearly identical probation condition, which stated: " 'You're not to visit or remain in any specific location which you know to be or which the probation officer

8

informs you to be an area of criminal street gang-related activity.' " (See also *In re Shaun R.* (2010) 188 Cal.App.4th 1129, 1145.) As with this case, the defendant in *Barajas* challenged the condition as vague and overbroad. Specifically, the defendant argued that the condition violated his constitutional right to travel and that the knowledge requirement (i.e., "known to him" language) suffers from vagueness or overbreadth because the probationer and the probation officer may have different opinions as to which locations constitute areas of "gang-related activity." (*Barajas,* supra, 198 Cal.App.4th at pp. 754, 757.) We rejected defendant's arguments and found that the language of the condition withstood the constitutional challenges. We recognized that in cases dealing with gang conditions, some infringement of constitutional rights is permissible where it is necessary to serve the dual purpose of rehabilitation and public safety. (*Id.* at pp. 755-756). In those cases, courts have found that a restriction prohibiting a probationer from going to " 'gang gathering areas' " was neither unconstitutionally vague nor overbroad and that such a condition was " 'closely tailored to the goal of keeping a probationer out of gang activity . . .' " (*Id.* at p. 755.) Additionally, we determined that "[t]he knowledge condition suffices to give defendant fair warning of what areas to avoid and ensures that he will not be found in violation due to a factual mistake, accident, or misfortune." (*Id.* at p. 760.) Although we recognized that "reasonable minds may disagree about where criminal street gang activities occur, defendant cannot be found in violation of this condition for visiting an area of gang-related activity unless there is proof that *he* knew the nature of the location, *possibly* by learning it from his probation officer, or by some other means that can be proved up at a violation of probation hearing by a preponderance of the evidence." (*Id.* at pp. 759-760.)

Relying on *In re Victor L.* (2010) 182 Cal.App.4th 902 (*Victor L.*) K.C. urges this court to modify the probation condition to specify clear geographical boundaries that K.C. should avoid. In *Victor L.*, the minor challenged a probation condition, which provided that he stay away from " 'areas known by [him] for gang-related activity.' "

9

(*Id.* at p. 913, fn. omitted.)  The appellate court found that the phrase " 'gang-related activity' " was vague and modified the condition, "to provide for the probation officer to notify Victor of the areas he must avoid." (*Id.* at pp. 914, 917-918.)  However, the *Victor L.* court "did not direct the trial court or the probation officer to exactly specify forbidden areas." (*Barajas, supra,* 198 Cal.App.4th at p. 759.)  "What the modification did was to authorize the probation officer to specify . . . what areas [the minor] should avoid. . . . The modification simply described one method by which the probationer could learn that an area was prohibited." (*Ibid.*)  Indeed, the court in *Victor L.* only modified the condition to include the following italicized language:  " 'The Minor shall not be in any . . . areas known by Minor for gang-related activity (*or specified by his probation officer as involving gang related activity.*)" (*Victor L.*, *supra*, at pp. 931-932.)  The *Victor L.* court thus found that the additional language authorizing the probation officer to notify the minor of the gang-related areas made the condition "clear enough to avoid a vagueness challenge and narrow enough to escape a claim of overbreadth. (*Id.* at 918.)  The court also noted that such an approach was not "an unlawful delegation of power to the probation officer, as it does not give him or her an open-ended policy making function." (*Ibid.*)  Rather, the modification "allow[ed] specification of exact limits to be made by the probation officer on an individualized basis." (*Ibid.*)

We agree with *Barajas* and *Victor L.* and conclude that the condition here is not unconstitutionally vague or overbroad, and it requires no further modification.  As in *Barajas*, the condition here does not violate K.C.'s constitutional rights to travel and to associate.  Indeed, given K.C.'s previous gang affiliation and his delinquency record, the condition is necessary to foster K.C.'s rehabilitation and to promote public safety.  Thus, the condition is narrowly drawn to serve these important interests.  Furthermore, as in *Victor L.,* the condition here includes the language authorizing the probation officer to specify what areas of gang-related activity K.C. should avoid.  Therefore, for the same reasons articulated in *Victor L.*, we conclude that the condition is not vague or overbroad,

10

and it allows the probation officer to specify the prohibited areas of gang-related activity on an individualized basis.

Furthermore, we observe that the terms "gang activity," and "area of gang-related activity" are defined in the probation report and can adequately guide the probation officer or the probationer of what activities and locations to avoid. The probation report notes that "the words gang and gang-related activity refer to a criminal street gang as defined in Penal Code Section 186.22, subdivision (e) and (f)." The phrase "gang activity" may reasonably be understood in context to encompass any activity conducted for the "benefit of, at the direction of, or in association with" a criminal street gang. (See *People ex rel. Gallo v. Acuna* (1997) 14 Cal.4th 1090, 1116-1117 (*Acuna*); § 186.22.) Similarly, the phrase "gang-related activity" is reasonably understood to include any activity directly related to a gang, such as gathering or socializing with gang members. (See *Acuna, supra,* at pp. 1116-1117.) We are aware that this court has suggested that "[a]n area with 'gang-related activity' might be, in some instances, an entire district or town." (*In re H.C.* (2009) 175 Cal.App.4th 1067, 1072.) However, in light of the legitimate purpose of gang conditions to prevent K.C.'s interaction with criminal street gangs, the phrase "areas of gang-related activity" may be reasonably understood in context as referring to those very specific sites where gang-related activity commonly occurs, not generalized areas within which gang activity takes place. (See *Acuna, supra,* 14 Cal.4th at pp. 1116-1117.) Moreover, given that probation condition 15 exempts associating with family members, in context, probation condition 16 does not reasonably include K.C.'s family's residence. Thus, as the condition is clear enough to give K.C. fair warning of what areas and activities to avoid, and because the condition is narrowly tailored to achieve the goals of safety and rehabilitation, condition 16 requires no further modification. However, we note that because the particular location of gang-related activity may change over time and areas of gang-related activity are not necessarily static

11

geographical places, the probation department may wish to identify and keep K.C. updated as to specific sites that are off-limits under this condition.

## DISPOSITION

The following conditions of supervised reentry are modified as follows:

"7. That said subject not knowingly be under the influence of alcohol. That said subject not knowingly use, possess, or be under the influence of any controlled or illegal substance without the legal right to do so. Said subject will submit to drug and substance abuse testing as directed by the Probation Officer."

"10. That said subject must attend school or vocational training, or seek and maintain full-time employment."

"14. That said subject not knowingly be in possession of any drug paraphernalia."

As modified, the judgment is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.